Daniel G. Albert, J.
In an action brought to obtain a judgment declaring the recently enacted section 139-a of the Social Services Law unconstitutional and enjoining the defendants from implementing it, the plaintiffs seek a temporary injunction restraining the defendants from enforcing the statute in issue during the pendency of this action.
The challenged statute (L. 1969, ch. 184, § 8), which took effect on May 1, 1969, provides insofar as pertinent, that any person who applies for home relief or aid to dependent children within one year after arrival in this .State:1 ‘ shall be presumed to have come into the state for the purpose of receiving public assistance or care and the social services official where application is made, shall deny public assistance and care of such applicant unless such applicant shall establish by clear and convincing proof that the purpose of his or her entry was not for the purpose of securing public assistance and care in this state.”
The plaintiff Rose Nuckel arrived in New York in July, 1969, with her five infant children, after her husband had deserted his family in Florida. Shortly after arriving in this State, she applied to the Nassau 'County Department of Social Services for assistance under the Aid to Dependent Children Program. On August 12, 1969, the plaintiff parent was notified that aid was being refused upon the basis of the statute quoted, supra.
*27 In her affidavit in support of this application, the plaintiff Rose Nuckel avers that she was born in this State and resided here until after her marriage when her husband obtained employment out of State. She also claims that she had returned to the State in August, 1968, and remained here until May, 1969, during which time she received partial welfare assistance.
Plaintiffs’ application relies almost exclusively on the recent decision of the United States Supreme Court in Shapiro v. Thompson (394 U. S. 618). In that case, the Supreme Court affirmed the determination of a three-judge District Court holding unconstitutional statutory provisions denying welfare assistance to persons who had not resided within the respective jurisdictions for at least one year immediately prior to their applications for assistance. The basis of the Supreme Court’s ruling was that such statutes violated the equal protection clause of the Fourteenth Amendment by impinging upon the right of welfare applicants to travel freely from State to State.
In opposition to this motion, the defendant State Commissioner contends that the New York statute does not bar assistance to those persons who have not resided in the State for at least one year but merely creates a rebuttable presumption requiring an applicant who has not resided here for the specified period to demonstrate that his motive for entering New York was not solely to obtain assistance.
In this court’s view, the defendants’ argument is not persuasive in view of the following language of the Supreme Court in Shapiro v. Thompson (394 U. S., at pp. 631-632): “ More fundamentally, a State may no more try to fence out those indigents who seek higher welfare benefits than it may try to fence out indigents generally. Implicit in any such distinction is the notion that indigents who enter a State with the hope of securing higher welfare benefits are somehow less deserving than indigents who do not take this consideration into account. But we do not perceive why a mother who is seeking to make a new life for herself and her children should be regarded as less deserving because she considers, among other factors, the level of a State’s public assistance. Surely such a mother is no less deserving than a mother who moves into a particular State in order to take advantage of its better educational facilities.”
If the State cannot deny welfare assistance to those who enter solely for the purpose of obtaining it, it is difficult to see how the State could withhold welfare assistance until the applicant proves his purpose for coming here was not solely to obtain welfare benefits.
*28 Accordingly, .it appears to the court that plaintiffs have demonstrated a probability that they will ultimately succeed in this action. Denying them relief until they do could, clearly, cause them irreparable harm.
Accordingly, the motion for a temporary injunction is granted and a short-form order to that effect has been issued simultaneously herewith.