Joseph Liff, J.
Plaintiff brings this action for herself and her minor children “ and on behalf of all other persons residing in this county similarly situated” seeking a judgment declaring unconstitutional section 139-a of the Social Services Law (as amd. by L. 1969, ch. 184, § 8, eff. May 1, 1969). That statute directs that any person who applies for assistance within one year after arriving in the State is presumed to have come here for the purpose of receiving public assistance and shall be denied such assistance unless the applicant should establish by clear and convincing proof that the reason for coming into the State was not for the purpose of obtaining public assistance and care. Plaintiff seeks a preliminary injunction enjoining the defendants, the Commissioners of the Social Services Departments of New York State and ,of Nassau County from enforcing the statute pending a final determination of the action. The.relief requested was granted in a similar instance by Mr. Justice Albert recently (Nuckel v. Wyman, 61 Misc 2d 26) and the instant proceeding was begun since the date of that decision. In Shapiro v. Thompson (394 U. S. 618) statutes which made persons who resided in the area for less than a year ineligible *1077 for benefit were declared to be unconstitutional as a denial of equal protection of law. Thus, this case is not one of novel impression and apparently the defendants in spite of the decisions have continued to apply section 139-a.
Since this matter was submitted a constitutional court in the United States District 'Court in actions pending in the Southern and Northern Districts of New York, has ruled that the New York statute is unconstitutional and may not be enforced (Gaddis v. Wyman, 69 Civ. 2921; Bowens v. Wyman, 69 Civ. 258).
Plaintiff should have the relief which she seeks for herself.
One other question remains for our consideration and that is whether or not the order herein should apply to all persons situated similarly to the plaintiff; that is, should it be an order affecting a class. Our CPLR 1005 (subd. [a]), while not as comprehensive as rule 23 of the Federal Rules of Civil Procedure should be employed here. In Gaddis and Bowens (supra), the State Commissioner of the New York State Department of Social Services and the Commissioners of the corresponding departments in the 'Counties of Onondaga and Westchester, were named as defendants. Here, Commissioner Wyman of the New York State Department of Social Services and Commissioner Barbaro of the Nassau County Department of Social Services are defendants. In the actions referred to the issues were competently and fully presented. Moreover, there is the single question, that is the constitutionality of the statute. In Gaddis, the court said that the Supreme Court had 11 unequivocally barred a state from discouraging entry of indigents, regardless of their motive in migrating. ’ ’ They also said that on the facts presented plaintiff had met the requirements of rule 23 of the Federal Rules of Civil Procedure for the conduct of the action as a class suit.
In Gaynor v. Rockefeller (15 N Y 2d 120, 129-130) the court in denying the right to plaintiffs to bring a class action said, that where an “ individual claim might be subject to defenses not available against others; and, in general, determination of the merits of each claim would turn on the particular facts and circumstances involved ’ ’, the class action could not be maintained. However, here we are not concerned with facts and circumstances which might differ. The thrust of the complaint is against the statute. Clearly the purpose of CPLR 1005 (subd. [a]) was to avoid a multiplicity of suits.
From all of the foregoing, this court has arrived at the conclusion .that the plaintiff should have the relief requested; that is, an order enjoining the defendants from enforcing section 139-a against the plaintiff and all other .persons similarly situated residing in this county.