Emmett J. Schnepp, J.
Plaintiff seeks a temporary injunction restraining defendants from implementing or enforcing a local departmental policy instituted on August 3, 1971, regarding the replacement of lost or stolen checks representing welfare grants. The action was instituted for a permanent injunction and to declare that such policy is in violation of the laws and regulations of the State of New York. The local policy provides that lost or stolen checks of welfare recipients will not he replaced until 20 working days after the issuance of such check and sets up various-procedures relative thereto.
The regulations of the Department of Social Services provide in part as follows: “ If a check for a grant is reported lost or stolen, an affidavit of loss shall be required of the recipient and payment of the check shall be stopped. Such check shall be replaced without delay and issuance of such replacement shall not be delayed pending further substantiation of client’s affidavit”. (18 NYCRR 352.7 [g] [1].)
Plaintiff, a recipient of public assistance, who brings the action on behalf of herself and all other recipients of public assistance in the County of Monroe, as a class action, did not receive her August 1, 1971 public assistance check for the sum of $173.88. She executed the appropriate affidavit of loss to the Monroe County Department of Social Services. She was advised that no replacement check would be issued until the expiration of 20 working days and she was issued an emergency food grant.
In view of the large and increasing number of checks which are monthly lost or stolen, the policy of the Social Services Department in endeavoring to stem, deter and control such loss by the *481 adoption of the local departmental policy is laudable. This policy, however, violates the regulations of the State Department of Social Services, which are authorized to be established for the administration of public assistance and care throughout the State as a whole, and for the local administration thereof. (Social .Services Law, § 20, subd. 3, par. [d]; § 34, subd. 3, par. [f].) The statute mandates the making of such rules and regulations and the defendants are without sanction to establish criteria out of harmony therewith. The law specifically provides that the defendant máy only enact regulations which are not inconsistent with the rules established and promulgated by the board and the regulations of the department. (Social Services Law, § 18, subd. 3, pars, [a], [b], [c].) Since the local regulation providing, for a 20 working day delay after issuance of the check, is by its own language inconsistent with the language of the department rule, which requires .replacement “ without delay ”, the application of the plaintiff for a temporary order restraining defendant from implementing or enforcing the August 3, 1971 policy is granted, applicable to all persons similarly situated. (Harris v. Wyman, 60 Misc 2d 1076.)