In the Matter of THOMAS A. CUMMINGS et al., on Behalf of Themselves and All Other Inmates Similarly Situated, Respondents, *v.* PAUL J. REGAN, as Chairman of the New York State Board of Parole, et al., Appellants.

Fourth Department, July 5, 1974.

*Louis J. Lefkowitz, Attorney-General* (*Bruce R. Schmidt* and *Michael G. Wolfgang* of counsel), for appellants.

*Herman Schwartz* and *Edward I. Koren* for respondents.

*Prisoners Legal Assistance Project (Stephen J. Perrello, Jr., and Daniel J. Weinstein* of counsel), *amicus curiae.*

CARDAMONE, J. The instant proceeding was commenced as a class action by petitioner-respondent Thomas A. Cummings and several intervenors-respondents pursuant to article 78 of the CPLR seeking a judgment directing respondents-appellants, New York State Board of Parole, its chairman, and the Commissioner of the New York Department of Correctional Services to furnish meaningful statements of reasons in support of determinations denying parole release to petitioners and all other inmates in correctional facilities in New York State similarly situated. In an opinion by Justice DOERR, Special Term of Supreme Court, Erie County, granted the relief requested in the petition and ordered appellants to disclose meaningful reasons for denial of parole, and also determined that the instant proceeding was properly cognizable as a class action.

On this appeal appellants challenge the judgment on two grounds: first, that the instant proceeding was inappropriately commenced as a class action and should be dismissed for that reason; second, that a requirement that a parole board state meaningful reasons in support of its determination to deny parole is neither constitutionally nor statutorily required and would interfere with the broad discretion delegated to the parole board necessary to the performance of its duties.

CPLR 1005 (subd. [a]) provides that a class action may be maintained " where the question is one of a common or general interest of many persons ". The statute as construed by our appellate courts limits its application to persons who have a common grievance and as to which grievance only a common defense may be asserted (*Hall v. Coburn Corp. of Amer.*, 26 N Y 2d 396; *Gaynor v. Rockefeller*, 15 N Y 2d 120; *Usen v. Sipprell*, 41 A D 2d 251; *Christman v. Skinner*, 38 A D 2d 884). In this case we have as a common question of law and fact the conceded policy of the State Board of Parole that it will not state to an inmate denied parole the reasons underlying its determination. In the case of each petitioner or intervenor presently before this court the record reveals that the sole communication received from the parole board with the notification that parole release was denied is the terse statement, " Held for one year." In each case request was made of the parole board for amplification of the reasons behind the denial. In each case a meaningful statement of reasons was refused. At

issue here is a matter of general concern to a definite and ascertainable class of persons (inmates of New York State correctional facilities who have attained parole eligibility but who have been denied parole release). Because petitioners are not demanding release from incarceration but rather a statement of reasons in support of the board's determination their cause is shared by all who are similarly situated (see, e.g., *Young* v. *Shuart*, 39 A D 2d 724; *Byrn* v. *New York City Health & Hosps. Corp.*, 38 A D 2d 316; *Greer* v. *Monroe County Dept. of Social Servs.*, 67 Misc 2d 480; *Harris* v. *Wyman*, 60 Misc 2d 1076). Thus, we do not have the circumstance where the wrong asserted (i.e., the refusal to grant a meaningful statement of reasons) is individual to the different persons involved. Rather, it is grievance shared by all. Similarly, the remedy sought here, that of injunction and declaration, is particularly appropriate to all members of the class. Further, since we are concerned with a challenge to a policy in force throughout the State, no hardship can result to appellants, nor is it argued that any has occurred, by reason of maintaining this proceeding in the form of a class action. The interests of judicial economy and the avoidance of multiplicity of suits are served by permitting this matter to be treated as a class action.

We come now to the central question involved in this proceeding: must the State Board of Parole give its reasons when parole is denied to a prisoner who appears before it? We hold that due process considerations as well as the public policy of this State require that a meaningful statement of reasons be furnished to every applicant who has been denied parole release in the exercise of discretion delegated to the Board of Parole.

Article 8 of the Correction Law contains the statutory framework within which the parole system of New York State operates. A prisoner, of course, has no " right " to parole. Nor is parole release merely a reward for good conduct or efficient performance while incarcerated. The standard for parole release is met when in the " opinion " of the parole board " there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society." (Correction Law, § 213.) The essence of the parole system and the entire thrust of modern penology is to focus on the rehabilitative goals of the system. Chief Justice BURGER, speaking for the court in *Morrissey* v. *Brewer* (408 U. S. 471, 477) in the context of due process in relation to parole revocation, stated that: " During the past 60 years, the practice of releasing

prisoners on parole before the end of their sentences has become an integral part of the penological system. Note, Parole Revocation in the Federal System, 56 Geo. L. J. 705 (1968). Rather than being an *ad hoc* exercise of clemency, parole is an established variation on imprisonment of convicted criminals. Its purpose is to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed. It also serves to alleviate the costs to society of keeping an individual in prison. The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.''

The interest at stake to the prisoner is, of course, freedom, albeit conditional or relative freedom. The interest of society is rehabilitation. The question becomes how best do we further these interests within the framework of a workable parole release system which must recognize the difficult choices involved. The court in *United States ex rel. Johnson* v. *Chairman, N. Y. State Parole Bd.* (363 F. Supp. 416, 419, affd. 500 F. 2d 925) identified the problem as follows: '' In parole release cases the most basic of human liberties is involved, the interest in freedom from imprisonment, and the governmental function and, determination of parole eligibility, is one of the highest importance, for it is directly related to safety of people in their persons and property, and of the greatest difficulty, for it requires predictive evaluation of human conduct in one of the most complex of human situations, and in circumstances in which erroneous decision is inevitably destructive either of individual or of public interest of manifest importance. But the difficulty of decision and the patent risks involved in giving expression to the ground of a decision denying parole — inviting deceptive enactment of an unreal ' rehabilitation ' charade — cannot justify mute denials that create a risk of anomie and deny guidance.''

Appellants urge that this court deny the relief requested in the petition upon the grounds that since broad discretion is vested in the parole board by statute and since parole release decisions are unreviewable if made according to law, a statement of reasons is not constitutionally required (*Matter of Briguglio* v. *New York State Bd. of Parole,* 24 N Y 2d 21; *Matter of Hines* v. *State Bd. of Parole,* 293 N. Y. 254). However, this argument is not persuasive because it totally fails to take cognizance of the aim of our correctional institutions which is to aid prisoners in their effort to rehabilitate themselves and to return to society

hopefully as useful citizens. It is difficult to conceive of a more counter-productive measure to accomplish this end than the present procedure which fails to inform prisoners of the reasons for the denial of parole and which can only instill frustration and bitterness to an already difficult environment.

While it may be valid to draw a distinction between a person already on parole and one who is merely anticipating his conditional release for purposes of due process rights attaching in a given situation (cf. *Morrissey* v. *Brewer, supra*; *People ex rel. Menechino* v. *Warden*, 27 N Y 2d 376; *United States ex rel. Bey* v. *Connecticut State Bd. of Parole*, 443 F. 2d 1079) nevertheless the dictates of fundamental fairness and minimal due process require at least the disclosure of reasons when parole is denied (*Monks* v. *New Jersey State Parole Bd.*, 58 N. J. 238; *Johnson* v. *Heggie*, 362 F. Supp. 851; *Matter of Sturm*, 11 Cal. 3d 258; *United States ex rel. Johnson* v. *Chairman, N. Y. State Bd of Parole, supra*; *United States ex rel. Harrison* v. *Pace*, 357 F. Supp. 354).

Due process is not a fixed concept. " In each case ' due process of law ' requires an evaluation based upon a disinterested inquiry pursued in the spirit of science, on a balanced order of facts exactly and fairly stated, on the detached consideration of conflicting claims, on a judgment not *ad hoc* and episodic but duly mindful of reconciling the needs both of continuity and of change in a progressive society." (*Rochin* v. *California*, 342 U. S. 165; see, also, *Goldberg* v. *Kelly*, 397 U. S. 254.)

In *Goldberg* v. *Kelly* (*supra*, pp. 262–263) the Supreme Court described the test that must be used in determining which procedural due process requirements are needed: " The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be ' condemned to suffer grievous loss ' * * * and depends upon whether the recipient's interest in avoiding that loss outweighs the governmental interest in summary adjudication ".

In our view the interests of petitioners and society at large in the need for prisoner rehabilitation as well as the interests of the courts in informed judicial review far outweigh the needs of appellants for administrative confidentiality. Accordingly, the judgment of Special Term should be affirmed and the relief requested in the petition granted.

MOULE, J. P., SIMONS, MAHONEY and DEL VECCHIO, JJ., concur.

Judgment unanimously affirmed.