Julian R. Hanley, J.
This habeas corpus petition has been brought to test the validity of a parole release hearing held by the parole board at Attica Correctional Facility on March 11-12, 1975. Prior to this, the petitioner had brought several legal actions involving the same parole board. Some of these had been denied and in other cases relief was granted. On March 16, 1973 (file No. 4989) a decision of this court granted him credit for local jail time on his minimum sentence, the latter having been set by the parole board. In a parallel case the Appellate Division, Fourth Department on October 26, 1973, (People ex rel. Johnson v Montanye, 42 AD2d 1041) ruled otherwise and said that in this situation local jail time credit could not be given on the minimum.
Later on, this same petitioner appeared before the board on a parole release hearing which was denied. He brought the proper court proceedings before this court and on a decision June 1, 1974 we ruled that their procedure was illegal because they had failed to comply with the reports that had to be filed under subdivision 4 of section 214 of the Correction Law and furthermore that the board had given no reasons for their denial of his parole release. We sent him back for a new hearing. They again denied his parole. All of which brings his legal history down to the present situation where the inmate appeared again before the board on March 11-12, 1975 for consideration of parole release. The minutes of that meeting show that one of the first things that the board did was to spend considerable length of time with the inmate discussing his prior litigation, particularly referring to the fact that the Appellate Division had overruled this court in the Johnson case on the question of crediting local jail time on the minimum.
*1041 They took pains to tell him in reference to his prior suit on this same question that: "With all due respect to his Honor, the Justice — his decisions are not the law of the land. They may be the law of the county until such time as the Court of Appeals or a higher court overturns that”.
To further make their legal position clear to the inmate, the board continued: "The law of the land, sir, is legislated statute law, or in the absence of that or in the overruling of that through constitutionality of the United States Supreme Court.”
After this unsolicited legal advice that the board would listen only to the statutes or the Supreme Court, they did proceed to discuss the inmate’s parole situation somewhat.
Among other things they accused him of stealing $45,000. The evidence in his case showed that it was $875 that was taken. The board did let him discuss his family and his present situation showing how he had spent the five years that he had in jail. The record shows that he has an excellent prison record, that he is the head vocational clerk in prison with a position of some responsibility. They did listen to the fact that he has been attending college classes and has a 3.63 average out of a possible four points. They acknowledged that he did have a job on the outside, that he planned to continue college and that he had a place to stay.
The board then mentions several possible reasons they could consider in deciding whether or not he should be released on parole. Without reaching any conclusion in his presence they excused him and let him go. Their decision was simply "Denied, hold one year” and they gave absolutely no reasons for their action. The written report he received was the same, "Held one year. 3/76 Board”.
Granted that the board gave no reasons for their final actions, but they certainly made it plain that they feel free to ignore court decisions of all but the highest court. Certainly, if their words on this subject didn’t speak loud enough for them, their actions did, because they went ahead to ignore the previous decision of this court of June 1, 1974 requiring them to give reasons for their parole release decision. Apparently they also chose to ignore the decision of the Appellate Division, Fourth Department, Cummings v Regan (45 AD2d 222) and that of the Second Department, Solari v Vincent (46 AD2d 453), both of which require the board to state reasons for their actions. It would also appear that they are ignoring a *1042 Federal decision in which the parole board was the defendant (United States ex rel. Johnson v Chairman of N. Y. State Bd. of Parole, 500 F2d 925), that also held that reasons must be given for parole board actions.
So what is to be done here? This court is well aware of the long-standing rule in this State that the courts should not interfere with a parole release decision. (Matter of Hines v State Bd. of Parole, 293 NY 254.) This has been modified in part by Matter of Browne v New York State Bd. of Parole (10 NY2d 116), holding that on a question of law a parole decision is reviewable by the courts. But what has happened to parole matters all stems from Morrissey v Brewer (408 US 471) and allied decisions that have set forth the rule that the Constitution requires due process in parole board matters. This being the case, the courts must on occasion review and modify parole board decisions.
At this March hearing, after stating that they felt free to ignore some court decisions, the board went ahead and did exactly that. They started out by following the same illegal procedure they had done before with this inmate by not having the records before them that are required by subdivision 4 of section 214 of the Correction Law. Instead of having a psychiatric report that was two months old they used one from July, 1974, eight months before. The medical report that also "as far as practicable” should be two months old was from the previous October. There were no reasons shown for the delay in either one of these. Even the prison industry’s and the superintendent’s report were months old. This was their own Correction Law that was bypassed in spite of the fact that they believed in statutes.
Their final act of independence was to go ahead and render a decision without giving any reasons at all. If they are even going to give lip service to the word "rehabilitation” how can they do so if they don’t give some explanation to the inmate for his continued retention in prison? Nobody even gives him a suggestion of how he can better himself. This inmate appears to have spent his five years in jail doing everything he is supposed to do and has the proper program outlined that would appear to give him every chance for a successful parole.
To make things worse, the board made it plain to him that they felt free to ignore the court rulings unless given from on high from some judicial Mount Olympus. They have before them an inmate that was returned to them previously for a *1043 rehearing for their failure to follow the Correction Law procedure and for failure to state reasons for their actions. So what do they do? They proceed to do exactly as they had done before and do not follow the provisions of the Correction Law and instead of giving him reasons for their actions, they just bludgeoned the inmate with a terse "Denied, hold one year”.
Certainly courts should not substitute their judgment for that of the parole board, but the board in turn must itself exercise some judgment. They appear not to have done so with this inmate and their action was arbitrary. Their failure to follow the statutes and their repeated failure to follow constitutional due process makes it absolutely useless to send this inmate back to them for a new hearing. This board has, in effect, by their actions, waived their right to retain this prisoner in jail.
Accordingly, it is ordered, that the petitioner shall be released from custody forthwith and placed on parole.