■   THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAX RABINOWITZ, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: In a habeas corpus proceeding petitioner appeals from a judgment of the Wyoming County Court which dismissed the writ. On September 18, 1968 appellant was sentenced to "be imprisoned in the Sing Sing Prison at Ossining, New York under an indeterminate sentence, the maximum of such imprisonment to be 20 years and the minimum 10 years". He has since been transferred by the Commissioner of Corrections to the Attica Correctional Facility, where he remains confined. Appellant contends that he was properly sentenced to a designated "place of the imprisonment" (former

Penal Law, § 2180), that the Department of Corrections was without authority to transfer him to a "correctional facility" and that such transfer constitutes a modification of sentence which entitled appellant to resentence. His arguments are without merit. Section 2180 of the former Penal Law provided that "Persons may be removed from one place of confinement to another." Every institution formerly known as a State prison is now deemed to be a "correctional facility" (Correction Law, § 2, subd 4). Indeed, the State prison to which appellant was originally sentenced is now known as Ossining Correctional Facility. The Commissioner of Corrections clearly has the power to transfer inmates from one correctional facility to another (Correction Law, § 23) and in this instance acted within his authority in transferring appellant to Attica Correctional Facility. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present— Marsh, P. J., Moule, Mahoney, Dillon and Witmer, JJ.