Raymond E. Aldrich, Jr., J.
Relator by writ of habeas corpus, which is being considered by the court as an article 78 proceeding (People ex rel. Robinowitz v Smith, 51 AD2d 682) seeks his release from the Fishkill Correctional Facility where he is detained for his conviction on July 31, 1974 of criminal possession of a controlled substance, a class A-III felony, alleging that the basis of denial of parole to him, namely, "the nature of the offense,” does not meet either constitutional or statutory mandates as a valid statement for denial of parole. It further appears that the Judge who sentenced relator wrote the Parole Board and expressed his opinion that relator should be given parole as soon as he was eligible since had the law permitted, he would have given relator a sentence of probation instead of imposing the minimum mandated sentence because he had no prior convictions and because of his favorable presentence report.
Subdivision 6 of section 214 of the New York Correction Law provides as follows: "If, after appearance before the board pursuant to subdivision four of this section, the prisoner is denied release on parole, the board shall inform such prisoner, in writing and within two weeks of such appearance, of the facts and reason or reasons for such denial.”
This court in the past has had an opportunity to review determinations of the Parole Board, and as a result thereof, has become convinced that while the courts of this State and *976 more recently the Legislature (L 1975, ch 131) have required the Parole Board to set forth reasons for denial of parole, the manner of implementation of that requirement by the board has diluted the intent of the law. Most frequently cited by the board as a basis for denial of parole is the brief statement "the nature of the offense”, the same reason cited in this instance.
The provisions of section 213 of the Correction Law permit a Parole Board to return an inmate to society on parole if it finds that there is reasonable probability that the inmate will lead a life, and remain at liberty, without violating the law and further finds that his release is not incompatible with the welfare of society.
Against this statutory guideline, it is noteworthy that the sentencing Judge has indicated to the Parole Board that it was his opinion that the relator should be permitted to live and remain at liberty under probation supervision. It is also noteworthy that the crime for which defendant was found guilty was a victimless possession crime, and that the harshness of the mandated sentence of imprisonment has been the subject of considerable judicial and social controversy (e.g., People v Broadie, 37 NY2d 100, 117, 118). The highest court of this State, while upholding the punishment prescribed by the so-called new drug laws because of their deterrent effect, has nevertheless raised the question of the wisdom of inflexible sentencing requirements (People v Broadie, supra, p 118). Finally, it is noted that when relator is released on parole, he will be subject to the constraints of parole review for the balance of his natural life (Penal Law, § 65.00, subd 3).
Considering these pronouncements, the basis for relator’s present frustrations with the parole system is understood and it was such frustrations that the Legislature sought to alleviate when it required the board to state reasons, as more particularly expressed in the legislative memorandum accompanying the bill, said memorandum stating: "Inmates want and should be entitled to receive an evaluation of their progress and an explanation of the deficiéncies in their conduct. This bill should motivate inmates to work harder for parole, and would have a salutory effect on prison moral and discipline”, further stressing that the statement of reasons for denial should specifically be keyed to the individual before the board.
*977 These considerations have also been recognized by the Federal appellate courts (e.g., United States ex rel. Johnson v Chairman N. Y. Bd. of Parole, 500 F2d 925; Haymes v Regan, 525 F2d 540). Simply stating that the parole is denied because of "the nature of the offense” for which he is incarcerated does not provide a meaningful statement of reasons as required in this State (Matter of Cummings v Regan, 45 AD2d 222; People ex rel. Rabinowitz v Smith, 51 AD2d 682, supra).
As stated by another court of this State, this relator, by all indications, appears suited for parole and yet the parole board has given petitioner no guidance as to what is expected of him to qualify for parole thereby giving no considerations to the rehabilitative objectives of modern penology (People ex rel. Schaurer v Smith, 81 Misc 2d 1039).
The board’s reason as stated is inadequate. In terms of the penal sanctions imposed, relator by virtue of the time he has served to date has satisfied the minimum term mandated by the sentencing Judge. Had he deemed the crime to warrant greater punishment, the sentencing Judge could have directed a greater minimum term. Having served his minimum sentence, any punishment contemplated by the sentencing Judge for the offense committed has been satisfied, and the attention of the board thereafter should be directed to the relator’s rehabilitation and his fitness to return to society. It is apparent in this instance that relator may well be ready for return to society; however, the reasons stated by the Parole Board cast no light on such fitness, which the sentencing Judge felt to exist on the day relator was sentenced to the minimum mandated sentence.
The Parole Board does not indicate that relator has been unable to conform to the requirements of prison conduct, which would be a minimum consideration in determining whether he can lawfully participate in the activities of society, and by implication, it can be assumed he has.
Accordingly, this proceeding is remanded to the Parole Board for a further review and determination consistent with this decision.