Hon. Edward R. Hammock Chairman Division of Parole
I am writing in response to your request for an opinion concerning the applicability of the Open Meetings Law (Public Officers Law, Article 7), to the monthly meetings of the Board of Parole. Section 98 of that Article provides "Every meeting of a public body shall be open to the general public * * *."
A public body is defined in section 97, subd. 2 of the Public Officers Law as an entity "* * * for which a quorum is required in order to transact public business and which consists of two or more members, performing a governmental function for the state * * *." The Board of Parole is a public body. Matter of Cummings v. Regan, 76 Misc.2d 137,143, affd. 45 A.D.2d 222. Section 97, subd. 1 defines a meeting as "* * * the formal convening of a public body for the purpose of officially transacting public business."
The applicability of these provisions was analyzed in Matter of OrangeCounty Publication v. Counsel of the City of Newburg, et al, 60 A.D.2d 409. In that case, it was clear that the Board of Zoning Appeals of the respondent city was a public body. The court found that informal "work sessions", held at a different time and place from the regular monthly meetings of the Board, and at which no action was taken, were nevertheless "meetings" of a "public body". The Board of Parole, acting in pursuance of its powers and duties as set forth in section 259-c
of the Executive Law, appears to come within the definitions in Public Officers Law, § 97, as so interpreted.
However, Public Officers Law, § 100 provides for the conduct of executive sessions "upon a majority vote of its (the public body's) total membership * * *", for specified purposes. Many of the subjects enumerated in this section might arise during a meeting of the Board of Parole. The mechanism of excluding the public by going into executive session, provided in section 100 of the Public Officers Law, would be available in these circumstances. (The reference in section 98(a) to "section 95 of this Article" is apparently in error and the intended reference is to section 100.)
Furthermore, Public Officers Law, § 103 exempts from the applicability of the Open Meetings Law "1. Judicial or quasi-judicial proceedings * * *" and "3. any matter made confidential by federal or state law."
Our conclusion that the Open Meetings Law is generally applicable to the monthly meetings of the Board of Parole may have only narrow application in light of the exemptions (Public Officers Law, § 103), and the availability of executive sessions (Public Officers Law, § 100). The Board may find that the interplay of these provisions results in open monthly meetings, at which the vast majority of its work is to be conducted in private. If this is the case, legislation may be appropriate to clarify the applicability of the Open Meetings Law to the unique nature of the business conducted by the Board of Parole.