■ TRIPLE CITIES SHOPPING CENTER, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40753.) — *Per Curiam.* Appeal by the State of New York from a judgment of the Court of Claims awarding damages in the sum of $120,000, with interest, for the appropriation pursuant to section 30 of the Highway Law of a parcel of land in the Town of Union, Broome County. In 1960 the State appropriated 17.360 ± acres of vacant land owned by claimant, a corporation engaged in developing real estate for commercial purposes, and situate on the south side of Route 17C, also known as the George F. Johnson Highway. The land had a frontage of 1,475 feet on the highway and its southerly border was the Susquehanna River. It was zoned for heavy industrial use. Claimant's expert witness testified that the

best use of the premises to a depth of 200 feet from the highway was for commercial purposes and that the land in the rear thereof could be best utilized for commercially connected parking, storage, seasonal use or as a miniature golf course. Relying upon market data derived from the sales of three adjoining small lots aggregating about one half acre of land and distant about one and one-half miles from the subject property, he estimated the front foot value of the property to a depth of 200 feet "after being filled to a grade" at $150, the 100-foot sluice area of a stream bisecting the property at $10 per foot and, based on his general knowledge of land values in the vicinity, found the value of the remaining property comprising 10.52 acres to be $500 per acre for a total value of $212,510. He testified that to render 780 front feet of the property to a depth of 200 feet suitable for commercial purposes 62,428 cubic yards of fill would be required at a cost of $1 per cubic yard. He subtracted this sum from his estimate of value arriving at a figure of $150,082 rounded to $150,000 as the fair market value of the property. The State's expert found the best use of the land to be that for which it was zoned. Basing his estimates on three sales of land used for heavy industrial purposes, all located within one third of a mile of the subject property, and the use of a fourth sale to establish what he termed a "time index", designed to account for the percentage increase of per acre value for the periods of time which had elapsed between the sales used as comparables and the appropriation by the State, he found the total value of claimant's land on the date of the appropriation to be $65,968 rounded to $66,000 and based on a $3,800 per acre figure. The Court of Claims found that at the time of the appropriation the best available use of claimant's land was for commercial purposes, at the same time observing that an analysis of claimant's comparable sales disclosed them to be of little probative value supportive of its use theory. "But", said the court, "to deny the claimant the right to develop this land, particularly because of its history as a developer, would be to deny just compensation." Having found the best available use of the land to be for commercial purposes, it rejected the comparables of the State — and thus, in effect, its proof of value — and found the fair and reasonable value of claimant's land at the time of the appropriation to be $120,000. Claimant had acquired the appropriated property in 1955. Its president testified that it was purchased for commercial development, that at the time of the appropriation claimant was engaged in building gas stations and motels and that "this particular parcel — was for a gas station motel arrangement." There was no proof that anything had been done in that direction, or otherwise, during the period of its ownership or which indicated the existence of any commercial development activity in the immediate vicinity of the taking or the likelihood that the subject property would be put to a commercial use by claimant within the reasonably close future. A prospective use existing only in the mind's eye of a corporate officer or based upon claimant's "history as a developer" cannot be sustained. Moreover, claimant's appraisal of the property as if it were filled property, from which the cost to bring the property to grade was deducted, was based upon sheer speculation and constituted an unsound method of computing damages. (*Giarrusso* v. *State of New York,* 19 A D 2d 582.) Claimant cites no authority to support this theory of valuation arguing that the court could rely upon its view of the property and its acquaintance with the area and, in any event, had the right to make an independent evaluation of its worth. It is well settled that findings of value which rest solely on the subjective judgment of the court without any basis in the evidence cannot be sustained. (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428, 433.)

It follows that the only valid evidence in the record of the best use to which the property could be put and of its market value on the date of the appropriation was supplied by the State's witness and must be adopted. Judgment modified, on the law and the facts, so as to reduce the award to $66,000, and interest, and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Staley, Jr., JJ., concur.