Edward S. Conway, J.
This is an application for an order under article 78 of the CPLR by the petitioner, Civil Service Employees Association (hereinafter referred to as C.S.E.A.); (1) To vacate the resolution of recognition adopted by respondent, the City of White Plains (hereinafter referred to as *545 “City”) on October 28, 1969, and (2) To declare that the initial recognition of petitioner by resolution of the City, dated July 5, 1967 remains effective, and (3) To annul and vacate the order of respondent, the Public Employment Relations Board (hereinafter referred to as P.E.R.B.) dated September 1, 1970, and (4) To direct that respondent recognize petitioner as the negotiating representative for the over-all unit established by the July 5, 1967 recognition.
Respondent, City of White Plains cross-moves for judgment pursuant to CPLR 7804 (subd. [f]), 6311, 504 and 506, dismissing the petition herein upon the ground that it is insufficient in law and is improper, due to jurisdictional defects.
On July 5, 1967, the City recognized the petitioner, C.S.E.A., as the exclusive negotiating representative of a unit comprised of all City employees with certain exceptions here immaterial. On October 28, 1969, without filing a petition for. decertification with P.E.R.B., the City adopted a resolution recognizing an organization entitled the Sanitation and Incinerator Workers Association of White Plains (hereinafter referred to as 5.1. W.A.) as the exclusive negotiating representative for a unit of employees of the City Bureau of Waste Collection and Waste Disposal of the Department of Public Works. These employees were previously encompassed within the unit represented by C.S.E.A. The City, then by another resolution, recognized petitioner, C.S.E.A. for the same over-all unit for which it was previously recognized, less the S.I.W.A. unit employees.
As a result of the City’s action C.S.E.A. filed a petition seeking to nullify the action for the City by decertifying 5.1. W.A. and annulling the establishment of the new unit. Extensive hearings were then conducted by P.E.R.B. in which evidence was introduced and argument heard on the method of unit alteration, and the appropriateness of the units resulting. That proceeding resulted in the decision of P.E.R.B., dated September 1, 1970, here sought to be reviewed, determining the appropriateness of a new unit composed of employees in the Bureau of Waste Collection and Waste Disposal who were formerly within the nnit represented by C.S.E.A., and ordering that an election be held between S.I.W.A. and C.S.E.A. to determine the employees’ choice of representative. The unit defined by P.E.R.B. was the same as that for which 5.1. W.A. was recognized by the City on October 28, 1969.
The court will turn first to a consideration of the cross motion of the City to dismiss the proceeding against it. The City contends that the venue is improperly laid, and the action *546 should be brought in the Judicial Department and Judicial District where the City of White Plains and County of Westchester is located, and further that the City is not a proper party to this proceeding — the only proper party being P.E.R.B.
Petitioner, in response to the City’s cross motion, contends that where a substantial issue directly involves two governmental units or agencies and venue is correctly placed for one of them (in this case, respondent P.E.R.B.) the conflict between the two venues is solved correctly by placing it in Albany County. Petitioner further contends that the City is a proper party as it is directly affected by this proceeding pursuant to CPLR 7802 (subd. [a]). With these contentions, the court must agree.
The court will now turn to a consideration of the petitioner’s application. Petitioner, in its memorandum of law states: “ Petitioner seeks review of an order of respondent, Public Employees Relations Board (hereinafter referred to as ‘ P.E.R.B.’) sustaining a resolution of respondent, City of White Plains (hereinafter referred to as the ‘ City ’) in a proceeding under Article 149 of the Civil Service Law. That resolution altered the composition of the bargaining unit for which petitioner was originally recognized. The central issue is whether the City may unilaterally accomplish such a change, i.e., without petitioner’s consent and without filing a petition for decertification as required by P.E.R.B. ’s rules. ’ ’ P.E.R.B. contends that a public employer is authorized under the Taylor Law to challenge the representation status of an employee organization, at the appropriate time, by exercising its right to recognize another employee organization.
P.E.R.B. further contends that nothing in the rules forbids such .action and that section 204 of the Civil Service Law places no limitation upon a public employer restricting it to recognition upon only one occasion. That the only material limitation applicable to the employer is to be found in subdivision (c) of section 208, which prohibits an attack upon status for a given period of time. That there is no rational difference between an initial recognition, which is subject to P.E.R.B. certification procedures if disputed, and a new and different recognition effected at the time when the protection accorded the incumbent organization has expired. That the P.E.R.B. procedures again may be invoked, if a dispute is caused or .arises as a result of the new recognition. With these contentions, the court agrees.
*547 Section 204 of the Civil 'Service Law provides in part:
“ 1. Public employers are hereby empowered to recognize employee organizations for the purpose of' negotiating collectively * * #
‘ ‘ 2. When an employee organization has been certified or recognized * * * the appropriate public employer shall be, and hereby is, required to negotiate collectively with such employee organization ”.
Section 208 provides in part:
“A public employer shall extend to an employee organization certified or recognized pursuant to this article the following rights:
“ (c) to unchallenged representation status until the next succeeding budget submission date and, thereafter, for an additional period ’
This court is of the opinion that the Legislature gave employee organizations a specific protected period of unchallenged representation status as set forth in subdivision (c) of section 208 and that when that period expired, as it admittedly did in this matter, the employer is free again to act pursuant to section 204 to recognize the same or a different employee organization for the purpose of negotiating collectively.
The Court of Appeals in Matter of Civil Serv. Assn. v. Helsby (21 N Y 2d 541, 548) said: “ The matters of time, budgets, and appropriations, as well as the special obligations of public employers, may well explain the conferring of power on the public employer to recognize and negotiate with employee organizations, untrammeled by representation dispute proceedings until they have been resolved by the Board through certifications of appropriate bargaining units and employee organizations.”
The relief requested in the petition is denied.