## THIRD DEPARTMENT, JUNE, 1972

## (June 1, 1972)

■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, Appellant, v. NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered January 19, 1971 in Albany County, which dismissed petitioner's application on the merits, in a proceeding under CPLR article 78, to annul the resolutions adopted by the City of White Plains on October 28, 1969, which recognized the Sanitation and Incinerator Workers Association and petitioner for separate negotiating units. On July 5, 1967 respondent City of White Plains recognized appellant as the exclusive negotiating representative for all city employees with certain exceptions not material herein. On October 28, 1969 the City passed two resolutions, one recognizing the Sanitation and Incinerator Workers Association (hereinafter referred to as SIWA) as the negotiating representative for employees of the bureaus of waste collection and waste disposal, and the other recognizing appellant as negotiating agent for the remainder of the unit for which it had been previously recognized. On November 3, 1969 the American Federation of State, County and Municipal Employees filed, in accordance with the Rules of Procedure of respondent New York State Public Employment Relations Board (hereinafter referred to as PERB), a timely petition for decertification of appellant and for certification of itself as the exclusive negotiating agent of all blue collar employees in the city bureau of highways and bridges. On November 28, 1969 appellant filed a similar petition for decertification of SIWA and for certification of itself as negotiating agent for the employees SIWA represented. These two petitions were consolidated by PERB, which, after hearings, made certain determinations as to the correct representatives for various groups of employees of the City of White Plains. The allegations in appellant's petition challenging the legality of the city's recognition of SIWA clearly fall within the improper practices context. The correct procedure for bringing such charges has been established by sections 205 (subd. 5, par. [d]) and 209-a of the Civil Service Law and part 204 of the Department of Civil Service Rules and Regulations (4 NYCRR Part 204). Since the instant proceeding is one for certification and decertification, initiated in accordance with part 201 of the Department of Civil Service Rules and Regulations (4 NYCRR Part 201), the question of unilateral revision of a negotiating unit is not properly a part of it. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur. [65 Misc 2d 544.]