letters to Tutty's executor under SCPA 707 (subd. 2), since that section only allows the court discretion to deny letters where the fiduciary is unable to read or write English. Kirby's proper remedies are either to bring an action against John Tutty's estate asserting that John Tutty did not act in good faith in the administration of his wife's estate (*Matter of Gill,* 199 N. Y. 155, 157; *Matter of Goldberg,* 14 A D 2d 294, 296, affd. 12 N Y 2d 911) or an action pursuant to EPTL 12-2.1, against the estate of John Tutty as Marie Tutty's distributee. (Appeal from decree of Herkimer County Surrogate granting letters of administration *de bonis non.*)  Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■   In the Matter of Big Black, Indicted as Frank Smith, et al., Petitioners, v. Carman F. Ball, as Justice of the Supreme Court, Respondent.— Application unanimously denied, without costs.  Memorandum: Special Term in its memorandum denying petitioners' application recognized the necessity of supplying the names of identifying witnesses and stated that it would be the duty of the Attorney-General to supply these names "at the commencement of the trial." The court was vested with authority to determine, as a matter of discretion, the date, prior to the actual commencement of the *Wade* hearing, when the names should be furnished. The assigned calendar date is January 6, 1974. If that date is certain then the names should be supplied sufficiently in advance to give petitioners reasonable opportunity to prepare their defense. Special Term further stated that there were "compelling circumstances" in connection with the disclosure of the names. The order directing disclosure of specific names to petitioners will, undoubtedly, contain such conditions and requirements as the court considers necessary to deal with the compelling circumstances to which Special Term alluded. In view of the circumstances in the instant matter we do not find it necessary to reach the question of whether an article 78 proceeding is the proper vehicle for the relief requested by petitioners. (Article 78 proceeding in the nature of mandamus to compel disclosure.)  Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■   In the Matter of Lawrence J. Fancher, Appellant, v. Paul J. Regan, as Chairman of the New York State Board of Parole, Respondent.  (Appeal No. 1.) — Judgment unanimously reversed and matter remitted to Supreme Court of Cayuga County to grant relief in accordance with the following memorandum: The petitioner has appealed from a judgment of the Supreme Court in Cayuga County which dismissed his article 78 proceeding without a hearing, in which he sought an order to compel respondent commissioner to state reasons for denying him parole.  When petitioner appeared before the parole board in February, 1974 parole was denied with the statement "held for year 2-75 Parole Board"; no further explanation or reason was provided. This court and the Federal Circuit Court of Appeals for the Second Circuit (New York) have held that a prisoner denied parole must be furnished with a meaningful statement of the reasons therefor in order to insure due process requirements and provide a basis for effective appellate review (*Matter of Cummings* v. *Regan,* 45 A D 2d 222, 224; *United States ex rel. Johnson* v. *Chairman, New York State Bd. of Parole,* 363 F, Supp. 416, affd. 500 F. 2d 925, 929). This matter should be returned, therefore, to Cayuga County Supreme Court for appropriate action (*Matter of Phillips* v. *New York State Bd. of Parole,* 46 A D 2d 1003). (Appeal from judgment of Cayuga Supreme Court in article 78 proceeding.)  Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.

■   In the Matter of Lawrence J. Fancher, Appellant, v. Paul J. Regan, as Chairman of the New York State Board of Parole, Respondent.  (Appeal

No. 2.) — Appeal unanimously dismissed on the ground that denial of a motion for reargument is not appealable. (Appeal from judgment of Cayuga Supreme Court in article 78 proceeding.) Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.

JOHN P. MARKEY, Individually and as Administrator of the Estate of RHONDA MARKEY, Deceased, Appellant, v. BROOKS MEMORIAL HOSPITAL et al., Respondents, et al., Defendant.— Order unanimously reversed, with costs, and motion denied without prejudice to renewing the motion in a proper county. Memorandum: Special Term, Chautauqua County, should not have entertained the motion to change venue, on the ground of convenience of witnesses, from Rockland County, in the Ninth Judicial District where plaintiff resides and where the venue of the action was properly laid, to Chautauqua County (*Newell v. Huston*, 35 A D 2d 908; *Upstate Tel-Hotel Corp. v. Prospect House Corp.*, 12 A D 2d 876; CPLR 2212). In reversing the order granting the relief requested we also note the insufficiency of the papers supporting the application for change of venue (*Radatron, Inc. v. Z. Z. Auto Tel.*, 30 A D 2d 760). (Appeal from order of Chautauqua Special Term changing venue in action for damages for wrongful death). Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.

WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Respondent, v. TOWN OF HENRIETTA et al., Appellants.— Judgment unanimously affirmed, without costs. Memorandum: We should not interfere with the discretion of Special Term to grant a temporary injunction (*R & J Bottling Co. v. Rosenthal*, 40 A D 2d 911; *Eidelberg v. Steinberg* 6 A D 2d 895). (Appeal from judgment of Monroe Special Term in motion for preliminary injunction.) Present — Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ. [78 Misc 2d 169.]

BENNETT DAIRY, Appellant, v. CECIL A. PUTNEY, Individually and Doing Business as AUTOMATED BUILDING SYSTEMS, Respondent.— Order unanimously reversed, with costs, and motion denied. Memorandum: Bennett Dairy, a partnership, alleged in its complaint that it was the undisclosed principal of Claude I. Bennett who executed a contract with defendant for defendant to erect a silo on the Bennett farm. Bennett was required to build a foundation upon which the silo could be placed. Although the foundation was built, defendant never erected the silo. Special Term incorrectly dismissed the complaint on the ground that plaintiff lacked capacity to sue. A partner is the agent of the partnership and his acts may be adopted and enforced by the partnership as its own (Partnership Law, § 20), and an undisclosed principal may sue on the contract of the agent (*Kelly Asphalt Block Co. v. Barber Asphalt Paving Co.*, 211 N. Y. 68, 70; *Alpert v. G. R. E. Constr. Corp.*, 222 App. Div. 60; *Navarre Hotel & Importation Co. v. American Appraisal Co.*, 156 App. Div. 795). (Appeal from order of Monroe Special Term in action for damages for breach of contract.) Present.— Witmer, J. P., Moule, Cardamone, Simons and Del Vecchio, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK KOLB, Appellant.— Judgment insofar as it imposes sentence unanimously reversed and matter remitted to Monroe County Court for resentencing, and otherwise judgment affirmed. (See *People v. Ranieri*, 43 A D 2d 1012.) (Appeal from judgment of Monroe County Court adjudging defendant a youthful offender.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.

In the Matter of SHIRLEY A. WALPOLE, Respondent, v. STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Appellant.— Judgment unanimously