■ In the Matter of FRANCIS G. FESTUS, SR., Respondent, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, et al., Appellants.—Judgment unanimously affirmed. Memorandum: Respondents appeal from the judgment which declares void their action in setting the minimum period of imprisonment for petitioner and orders them to grant a new minimum period of imprisonment hearing and then to state the reasons for their decision and furnish a copy thereof to petitioner. The first issue is a narrow one, namely, must a prisoner's jail time credit be added to the minimum period of imprisonment fixed by a member or committee of the board of parole in determining whether such minimum period of

imprisonment under subdivision 2-a of section 212, of the Correction Law is such that the entire board of parole must review it. Special Term held that it must, and we agree. A contrary holding would result in unequal treatment of prisoners who were unable to supply bail prior to conviction vis-à-vis those who were released on bail. This holding does not encroach upon the board's authority to set the minimum period of imprisonment under the statutes and is consistent with our ruling in *People ex rel. Johnson v Montanye* (42 AD2d 1041). The remaining issue is whether the board of parole must state its reasons for the minimum period of imprisonment which it fixes and supply the prisoner with a copy thereof. Although the Attorney-General has stated impressive reasons in opposition to such requirement, we think that the judgment should also be affirmed in this respect. The board of parole is charged with the duty to fix such minimum period of imprisonment. In discharging this duty the board must review this prisoner's record and act reasonably in light thereof. Thus, they must have reasons for their decision, and it can be no hardship for the board to state them and supply the prisoner with a copy of them. Indeed, the statute (Correction Law, § 212, subd 2.) contemplates such statement. This procedure will serve as a check against arbitrary and unreasonable action by the board and will have a salutary effect on prison relationships. (Appeal from judgment of Wyoming County Court declaring action of parole board void and ordering parole board to grant new minimum of imprisonment hearing.) Present—Moule, J. P., Cardamone, Simons, Goldman and Witmer, JJ.