■ In the Matter of MARSHAL R. SPEED, Respondent, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, et al., Appellants.— Judgment unanimously reversed and matter remitted to Board of Parole for further proceedings in accordance with the following memorandum: Petitioner, an Attica inmate, commenced this article 78 proceeding against respondent, as chairman of the New York State Board of Parole, seeking a judgment directing the board to furnish him with reasons why his minimum period of imprisonment was established at four years. Supreme Court, Wyoming County, held that reasons must be given when the board establishes a minimum period of imprisonment and ordered that petitioner either be resentenced or released from custody. Petitioner was entitled to be given reasons why the board established his minimum period of imprisonment at four years (Matter of Festus v Regan, 50 AD2d 1084). The court was in error, however, in directing that he be resentenced or released as a consequence. The proper remedy is a judgment directing the board to give the reasons as demanded by petitioner (CPLR 7806). (Appeal from judgment of Supreme Court, Wyoming County, ordering petitioner returned to trial court for resentence and in default thereof ordering petitioner discharged.) Present— Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.

■ JOSEPH G. CICCHELLI et al., Appellants, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioners are Utica police officers who took an examination on April 29, 1972 for promotion to the rank of sergeant. The examination was prepared by the New York State Department of Civil Service pursuant to subdivision 2 of section 23 of the Civil Service Law, but was administered by the Utica Municipal Civil Service Commission. On June 21, 1972 the New York State Department of Civil Service rescinded the examination pursuant to section 25 (subd 1, par [d]) of the Civil Service Law, and ordered it rescheduled on the basis of an investigation which disclosed substantial evidence that the test had been compromised. This action was taken before the examination had been graded. Petitioners commenced a proceeding under article 78 of the CPLR seeking a judgment directing that the examination be graded and that promotion lists be established based upon its results. They urge that the New York State Department of Civil Service failed to comply with subdivision 2 of section 25 of the Civil Service Law and that thus the examination was improperly rescinded. Since the examination was rescinded before it was graded and since no promotion was based upon its results, petitioners were deprived of no substantial right as a result of its invalidation. Consequently, they were not aggrieved persons within the meaning of subdivision 2 of section 25 of the Civil Service Law, and were not in a position to challenge the action of the New York State Department of Civil Service under that section. (Appeal from judgment of Oneida Supreme Court in article 78 proceeding to correct promotional examination.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.