■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID WARD, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant.—Judgment unanimously reversed, writ denied and petition dismissed in accordance with the following memorandum: On June 29, 1973 relator was sentenced to a maximum term of imprisonment of seven years. He was received at Attica Correctional Facility on June 29, 1973, credited with 10 months and one day jail time and the maximum expiration date of his sentence was determined to be August 27, 1979. On April 10, 1974 he met with a panel of the board of parole and his minimum period of imprisonment (MPI) was set at three years from the date of reception at Attica. Petitioner initiated an article 78 proceeding contending that his MPI was fixed improperly (see Correction Law, § 212, subd 2-a). On January 24, 1975 Special Term ordered that a new MPI hearing be held and reviewed by the full board of parole. In February, 1975 relator received a new hearing, was again given a three-year term by the panel and that term was reviewed by the full board and approved. Relator then initiated this habeas corpus proceeding in which the court determined that the board review of relator's MPI was inadequate and illegal in that the board failed to state the reasons for its actions. The court ordered relator released, and the State appeals. It is clear that the courts and the Legislature intend that prisoners be given the facts and reasons for the denial of parole (see *Matter of Festus v Regan,* 50 AD2d 1084; Correction Law, § 214, subd 6, eff Aug. 2,

1975). While the hearing in this case preceded our decision in *Festus* and the effective date of the statute, the court properly held that the board should be required to set forth the reasons for its actions. The remedy for such failure, however, is not habeas corpus leading to release of the prisoner, but an article 78 proceeding (see *Matter of Speed v Regan*, 50 AD2d 1100). The judgment is reversed, the writ denied, and the petition dismissed, all without prejudice to relator instituting an article 78 proceeding, if he be so advised. (Appeal from judgment of Supreme Court, Wyoming County, sustaining writ of habeas corpus.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.