■ In the Matter of RONALD S. CHAMBERLAIN, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, Respondent.— Judgment unanimously affirmed. Memorandum: In this article 78 proceeding seeking mandamus relief directing respondent to give meaningful reasons for denial of parole, petitioner appeals from judgment dismissing his petition on the grounds that it was not timely commenced within the four-month period prescribed by CPLR 217. Considering the mandamus nature of petitioner's proceeding, the four-month Statute of Limitations under CPLR 217 commenced to run, not from the date of respondent's denial of parole, but from the date of respondent's refusal to perform a duty imposed by law (*Austin v Board of Higher Educ.*, 5 NY2d 430, 442; *Matter of Pfingst v Levitt*, 44 AD2d 157, 159). The aggrievement asserted by petitioner was clearly an alleged failure of respondent to perform a duty imposed by law (*Matter of Fancher v Regan*, 46 AD2d 1009; *Matter of Cummings v Regan*, 45 AD2d 222, rev on grounds of mootness 36 NY2d 969). On the time chronology reflected in this record, petitioner's proceeding was timely commenced if respondent's letter of April 1, 1975 is interpreted as an "unresponsive reply" to petitioner's demand. However, under the principles enunciated in *Cummings (supra)*, such characterization of respondent's April 1, 1975 letter cannot be sustained. The content thereof amply satisfies the requirements of *Cummings*, rendering untimely the mandamus relief sought and warranting the judgment of dismissal entered by Special Term. (Appeal from judgment of Cayuga Supreme Court dismissing article 78 proceeding.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ COUNTY OF ERIE, Respondent, v CLARENCE M. MAZOL, Appellant.— Judgment unanimously affirmed, without costs. Memorandum: In this condemnation case the trial court awarded $7,530 to defendant as just compensation for the county's partial taking of defendant's land for maintenance of a public park. Of the 22.96 acres taken 19.33 acres (ravine) constitute ravine, creek bottom and creek banks and 3.63 acres (upland) consist of hilly topography with level frontage. The trial court correctly refused to consider the "ravine" and "upland" parcels as a single tract with the highest and best use for residential purposes with an accessory park. The parcels are divided by North Creek Road and are dissimilar in topographical nature. Further, the potential use of the defendant's property for private residential purposes with an accessory private park was not reasonably probable and was "no more than a speculative or hypothetical arrangement in the mind of the claimant" (*Matter of City of New York [Shorefront High School—Rudnick]*, 25 NY2d 146, 149; *Triple Cities Shopping Center v State of New York*, 26 AD2d 744, affd 22 NY2d 683). Neither party was able to find comparable sales for the ravine property and the trial court which viewed the premises accepted a nominal value of $150 per acre. Under the circumstances, we can see no purpose in remitting this case for further valuation. (Appeal from judgment of Erie Supreme Court—condemnation.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.