■ In the Matter of DOUGLAS VAN LUVEN, Petitioner, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent.—Judgment unanimously reversed, without costs, and matter remitted to parole board for further proceedings in accordance with the following memorandum: Petitioner is presently imprisoned in Auburn Correctional Facility under a two and one-third to seven-year sentence. On February 11, 1975 he met with the parole board and was denied parole without any reason being assigned for the denial. He thereupon brought this habeas corpus proceeding on July 3, 1975 (the delay was occasioned at least in part by his transfer from Attica to Auburn). Special Term, holding that habeas corpus was inappropriate, considered petitioner's application as an article 78 proceeding (see CPLR 103, subd [c]) but held that the Statute of Limitations foreclosed relief (CPLR 217). It dismissed the petition. We have held that a prisoner is entitled to be informed of the reasons that his parole is denied *(Matter of Festus v Regan,* 50 AD2d 1084), that the right to such relief is retroactive *(People ex rel. Ward v Smith,* 52 AD2d 755), and that article 78 is the proper remedy when the board fails to comply with this requirement *(People ex rel. Ward v Smith, supra; Matter of Speed v Regan,* 50 AD2d 1100). Special Term correctly treated the application as an article 78 proceeding but was in error in holding that the proceeding was barred by the Statute of Limitations. Because the proceeding is in the nature of mandamus, to compel the performance of a duty enjoined by law, the statute does not run until after a demand is made and the board refuses to perform the duty, unless petitioner has been guilty of laches (see *Matter of Pfingst v Levitt,* 44 AD2d 157). The parole board is directed to notify petitioner of the reasons for denial of his parole. (Appeal from judgment of Supreme Court, Cayuga County dismissing article 78 proceeding.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTIE GRIFFIN, Appellant.—Judgment insofar as it imposes sentence unanimously modified, as a matter of discretion in the interest of justice, in accordance with memorandum and as modified affirmed. Memorandum: Defendant was properly convicted of aiding in a robbery, by luring the victim and removing his pocketbook. Although the victim was not injured, defendant's confederate threatened him with a knife. Not only was defendant's offense serious, but she has a record of several arrests and one conviction of a class B misdemeanor, prostitution. Nevertheless, the indeterminate sentence of a maximum of 25 years' imprisonment was excessive. Being mindful that the Erie County District Attorney has credited defendant with recent co-operation with his office, in the face of threats to herself and daughter, by aiding his investigation of the activities of a narcotics dealer and giving testimony which was instrumental in obtaining the conviction of him as an A-1 felon, we modify the sentence by reducing the maximum term of imprisonment to a period of five years, and as so modified the judgment is affirmed. (Appeal from judgment of Supreme Court, Erie County convicting defendant of robbery, first degree.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.