In the Matter of CLAUDE GREENE, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLAUDE N. GREENE, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant.

Fourth Department, May 28, 1976

*Louis J. Lefkowitz, Attorney-General (Lauren Wixson* of counsel), for appellant.

*Nathaniel A. Barrell (Joseph Shifflett* of counsel), for respondent.

*Per Curiam.* The Superintendent of Attica appeals from two determinations of Wyoming County Supreme Court which ultimately released respondent, an inmate from that facility. In the first matter respondent in an article 78 proceeding sought relief from the failure by the State Parole Board to establish properly his minimum period of imprisonment (MPI). Supreme Court directed that respondent be returned to the court which originally sentenced him for the purpose of resentencing him and to have that court set respondent's minimum sentence and further directed that in default of any such resentence respondent be discharged from custody. The original sentencing court (Onondaga County Court) within the exercise of its discretion properly refused to resentence respondent or to fix a minimum. Thereafter, respondent commenced a second proceeding seeking a writ of habeas corpus to obtain his release from custody on the ground that he was being illegally detained. Supreme Court in Wyoming County granted the writ, and discharged respondent from custody forthwith. This was error.

There have been an increasing number of applications for relief arising either as a result of the failure of the State Board of Parole to state its reasons for denial of parole (Correction Law, § 214, subd 6) or to fix properly the minimum period of imprisonment (Correction Law, § 212, subd 2). Such petitions usually seek CPLR article 78 or habeas corpus relief. Because these applications challenge the validity of an administrative act or a failure to act, article 78 is the appropriate procedural device. Where a prisoner-relator aggrieved under these provisions of the Correction Law has improperly petitioned for a writ of habeas corpus, we have permitted such a petition to be treated as though it were an article 78 proceeding (CPLR 103, subd [c]; *Matter of Van Luven v Henderson,* 52 AD2d 1042, decided May 21, 1976). Such treatment is preferable to dismissing applications defective in form because dismissal simply leads to subsequent petitions seeking identical relief. We reiterate, however, that article 78, not habeas corpus, is the proper procedural vehicle for prisoners aggrieved under the above statutory provisions.

We turn now to the relief granted in this case—release of the relator from prison. In *Matter of Cummings v Regan* (45 AD2d 222, revd on grounds of mootness 36 NY2d 969) we held

that the Board of Parole must furnish a meaningful statement of reasons to every prisoner denied parole (45 AD2d, at p 224). The same requirement has since been imposed on the Parole Board by statute (Correction Law, § 214, subd 6). The objective in requiring the board to furnish reasons is to guide and to aid the prisoner in his endeavor to return to society as a useful citizen. In a number of subsequent decisions we have reaffirmed this right accorded prisoners denied parole *(Matter of Chamberlain v Regan,* 52 AD2d 1039, decided May 21, 1976; *Matter of Van Luven v Henderson, supra; Matter of Fancher v Regan,* 46 AD2d 1009; *People ex rel. Davis v Henderson,* 52 AD2d 1093 [decided herewith]). The statute, however, contains no language mandating, or even allowing, the prisoner's release when written reasons have not been furnished. Further, this court has expressly ruled that release is not the appropriate remedy in this situation. The proper remedy is a judgment directing the State Parole Board to furnish the relator-prisoner with a statement of reasons in writing within two weeks of denial of parole (Correction Law, § 214, subd 6).

Similarly, the Correction Law imposes an obligation on the Parole Board to fix the minimum period of imprisonment and to advise the person sentenced (Correction Law, § 212, subd 2). We have previously held that this section contemplates the giving by the Parole Board of its reasons for the MPI date established *(Matter of Festus v Regan,* 50 AD2d 1084; *Matter of Speed v Regan,* 50 AD2d 1100; *People ex rel. Cook v Smith,* 52 AD2d 1085 [decided herewith]). Where, as here, there has been a failure or refusal of the Board of Parole to fix the minimum period of imprisonment, the remedy consistent with parole denial is not release of the prisoner-relator, but a judgment directing the Board of Parole to perform its statutory duty under the Correction Law (§ 212, subd 2).

In this case relator's release by way of a writ of habeas corpus was based on the prior article 78 order, which erroneously directed release rather than ordering a statement of reasons for the MPI date set by the State Parole Board. Thus no lawful basis for the applicant's release existed, and the application for habeas corpus relief should have been denied.

MOULE, J. P., CARDAMONE, SIMONS, MAHONEY and DILLON, JJ., concur.

Judgment in article 78 proceeding unanimously modified in accordance with *Per Curiam* opinion.

Judgment in habeas corpus proceeding unanimously reversed, writ dismissed and relator remanded to the custody of the Superintendent of the Attica Correctional Facility.