THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID COOK, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Appellant.—Judgment unanimously reversed, on the law, writ dismissed and relator remanded to the custody of the Superintendent of Attica Correctional Facility. Memorandum: In a prior article 78 proceeding County Court properly held that time served in a local jail must be allowed against the minimum sentence when fixed by the parole board, and properly applied subdivision 2-a of section 212 of the Correction Law requiring that where the minimum set by the board is "more than three years from the date sentence commenced * * * such determination shall be deemed tentative and shall be reviewed by the entire board as soon as practicable." Following the judgment of the court a new minimum period of imprisonment (MPI) hearing was held and the MPI fixed at three years from the date of reception subject to full board review. Full board review was thereafter had and the panel decision affirmed. Relator in this habeas corpus proceeding asserts a denial of due process by reason of the board's failure to state and supply relator with the reasons for its decision (see *Matter of Festus v Regan,* 50 AD2d 1084), and by reason of an inadequate review of the board's determination by the entire board. The court sustained the position asserted by relator and ordered his discharge from custody. The transcript of the second MPI hearing clearly reveals the concerns of the hearing officer in his examination of relator and the facts pertaining to relator's history deemed pertinent and relevant to the fixing of the MPI. While no statement of the reasons for the determination made was given, the transcript of the hearing together with the information required by sections 212, 213 and 214 of the Correction Law provided an adequate basis

for the entire board's review pursuant to subdivision 2-a of section 212 of the Correction Law. While relator is entitled to a statement of the reasons for the decision, and we direct that the same be furnished him in writing, habeas corpus is not the proper remedy, the court was in error in ordering relator's discharge from custody and he forthwith is remanded to the custody of the Superintendent of Attica Correctional Facility (see *People ex rel. Ward v Smith,* 52 AD2d 755; *Matter of Speed v Regan,* 50 AD2d 1100). (Appeal from judgment of Wyoming Supreme Court sustaining a writ of habeas corpus.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.