■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DAVIS, Appellant, v ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, Respondent. (And Another Proceeding.)—Judgment denying writ unanimously affirmed and petition dismissed; judgment dismissing article 78 proceeding unanimously reversed, without costs, and matter remitted to parole board for further proceedings in accordance with the following memorandum: Petitioner was sentenced on January 19, 1973 to a term of three to nine years to be served concurrently with a 5- to 10-year sentence. He is imprisoned in Auburn Correctional Facility. On May 13, 1975 he met with the parole board and on May 16, 1975 he was informed that his parole was denied. No reason was furnished to petitioner for such

denial and on September 19, 1975 he brought this article 78 proceeding in which he seeks his release from custody. The relief sought, however, can be interpreted as a request to compel the parole board to furnish petitioner with reasons for denying him parole. Special Term improperly dismissed the petition on the ground that it was not timely brought (CPLR 217). The proceeding is in the nature of mandamus to compel the performance of a duty enjoined by law and the statute in such circumstances does not begin to run until after demand is made and the board refuses to perform the duty *(Matter of VanLuven v Henderson,* 52 AD2d 1042); see *Matter of Pfingst v Levitt,* 44 AD2d 157). We have held that a prisoner is entitled to be informed of the reasons for denying him parole *(Matter of VanLuven v Henderson, supra).* The right to such relief is retroactive *(People ex rel. Ward v Smith,* 52 AD2d 755) and an article 78 proceeding is the proper remedy *(Matter of VanLuven v Henderson, supra; People ex rel. Ward v Smith, supra; Matter of Speed v Regan,* 50 AD2d 1100). The parole board is directed to furnish petitioner with reasons for the denial of his parole. We note that petitioner also appeals from Special Term's denial of an application for a writ of habeas corpus which sought his release from custody. Special Term properly denied the writ *(People ex rel. Ward v Smith, supra;* see *Matter of Speed v Regan, supra).* (Appeal from judgment of Cayuga Supreme Court denying application for a writ of habeas corpus.) Present— Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.