■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID MILLER, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, et al., Respondents.—Judgment unanimously affirmed. Memorandum: In this habeas corpus proceeding, relator contends that the reasons given by the Board of Parole in denying him parole are insufficient to comply with the requirements of subdivision 6 of section 214 of the Correction Law and fail to satisfy constitutional due process guarantees. He seeks release from custody. Special Term disallowed the writ upon its finding that the reasons furnished relator for denial of his parole were meaningful and adequate. We have held that habeas corpus is not proper procedural vehicle for prisoners who claim that the board has not complied with subdivision 6 of section 214 of the Correction Law *(Matter of Greene v Smith,* 52 AD2d 292, app dsmd 40 NY2d 826. In order to avoid multiplicity of applications, however, we shall treat such petitions as CPLR article 78 proceedings *(Matter of Greene v Smith, supra; Matter of Van Luven v Henderson,* 52 AD2d 1042; CPLR 103, subd [c]). The reasons furnished by the Board of Parole are: 1. You have not dealt realistically and resolved your drug problem. 2. Past failure on probation and parole. 3. Did not participate in

available institutional programs that may benefit you personally and are necessary to expedite your rehabilitation. 4. Negative psychiatric report. These reasons are sufficient to comply with the standard set forth in *Matter of Watkins v Caldwell* (54 AD2d 42 [Sept. 24, 1976]). (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.