■ PLASTOID CABLE CORP. OF AMERICA, Respondent, v TFI COMPANIES INCORPORATED, Appellant.—In an action on a promissory note, commenced by service of a summons and a notice of motion for summary judgment in lieu of a complaint, defendant appeals from a judgment of the Supreme Court, Queens County, entered May 10, 1976, which is in favor of plaintiff and against it, upon the granting of plaintiff's motion for summary judgment, by order dated May 6, 1976. Judgment modified, on the law, by reducing the principal amount awarded therein to $86,724.77. As so modified, judgment affirmed, with $50 costs and disbursements to plaintiff, and action remitted to Special Term for entry of an appropriate interlocutory judgment and for further proceedings in accordance herewith. The parties concede that the promissory note is due and owing. What is in dispute is whether, at the time of the execution of the stock purchase agreement on which the subject note was given, a contemporaneous oral representation was made by plaintiff's now deceased vice-president, Louis Dannenberg, to defendant's president, Herbert Molner. The representation alleged is that, if at the time the note was due, any money was still owed by Dannenberg under the agreement to the company purchased by defendant, such sum could be set off against the note. The defense that such a representation was made to induce the contract and the note raises a triable issue of fact, however improbable the representation may sound (see *Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). The fact that Dannenberg is deceased and that proof of the representation may be excluded at the trial (see CPLR 4519) is not relevant on the motion for summary judgment (see *Phillips v Kantor & Co.,* 31 NY2d 307). Martuscello, Latham and Damiani, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the judgment, with the following memorandum: In my view Special Term was correct in directing judgment for the full amount due on the promissory note.

■ HAROLD SIMON, Appellant, v CITY OF WHITE PLAINS et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from three orders of the Supreme Court, Westchester County, as follows: (1) an order dated December 19, 1975 which denied his application for a general preference, (2) an order dated May 17, 1976 which denied his renewed application for the same relief and (3) an order entered April 12, 1976 which transferred the action to the County Court, Westchester County. Orders reversed, without costs or disbursements, application and renewed application granted, and action removed to the Supreme Court, Westchester County. Under the circumstances of this case, the Special Term should have granted the application for a general preference. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.