■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA

BUCHANAN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 17, 1976, convicting defendant upon her plea of guilty of the crime of manslaughter in the first degree and sentencing her to an indeterminate term of imprisonment having a maximum of 20 years. On April 16, 1976, while in the company of Tim Buchanan in his automobile on Eagle Street in the City of Albany, the defendant withdrew from her purse a .22 calibre handgun which she discharged into Buchanan's head thereby causing his death. As a result of this incident, the Grand Jury of the County of Albany charged the defendant in a four-count indictment with murder in the second degree, manslaughter in the first and second degree and with criminal possession of a weapon in the second degree. After extensive pretrial negotiations, the defendant pleaded guilty to the second count of the indictment, manslaughter in the first degree, in full satisfaction of the indictment. Thereafter, the defendant was sentenced to an indeterminate sentence having as its maximum 20 years. The sole issue presented to this court on appeal is whether or not the sentence imposed was so harsh and excessive as to require modification. It has long been well established that appellate courts will not interfere with the discretion and judgment exercised by a sentencing court in the absence of extraordinary circumstances (*People v Scott,* 51 AD2d 608; *People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Perusal of the minutes of the presentence hearing and of the host of letters submitted by friends and associates of the defendant bear strong testimony to the fact that this 35-year-old defendant mother of three teenage children was a fine mother and a good citizen. However, this enviable reputation cannot provide justification for her taking the law unto herself nor does the fact that she was a party to a stormy and unfortunate union excuse or justify her conduct. The nature of the sentence imposed would seem to indicate that the court recognized not only the seriousness of the crime but also the defendant's good record for the reason that, under its terms, the length of the defendant's confinement will be determined by the Parole Board. Its duration will be controlled, to some extent at least, by defendant's own conduct and performance (*People v Ceijas,* 56 AD2d 970). In addition, the defendant's exemplary past performance will surely inure to her benefit because in discharging its duty the board must review the prisoner's record and act reasonably in light thereof (*Matter of Festus v Regen,* 50 AD2d 1084). Thus, we find no abuse of the discretion and judgment exercised by the sentencing court and we must affirm. Judgment affirmed. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.