■ STANLEY DEPO & SONS, INC., Appellant, v STATE OF NEW YORK,

Respondent. (Claim No. 54113.) (Appeal No. 1.)—Award and findings unanimously affirmed, without costs, and judgment entered thereon vacated. Memorandum: Claimants initially contend, in these consolidated actions, that the trial court should have found that the before taking highest and best use of the westerly parcel, except that portion zoned residential, was as an industrial park. While the court did conclude that the best use of a portion of that tract was as an industrial park, the remainder was valued as raw acreage with a potential for industrial development. We first note that the record provides a basis for the assignment of separate uses to the land in question. The State's expert found that the best use for the entire parcel was for potential industrial development while claimants' expert determined that its best use was as an industrial park. The court thus adopted the claimants' view with respect to another portion of the parcel. It is only the latter determination which is disputed on appeal. The trial court's finding in this regard must be sustained unless it could not have been reached upon any fair interpretation of the evidence (*McCall v Town of Middlebury*, 52 AD2d 736). The record fails to support a finding that there was a reasonable probability that the land in question would be used as an industrial park in the near future (see *Matter of City of New York [Shorefront High School—Rudnick]*, 25 NY2d 146, 149). Claimant Frank Depo's testimony that there was some clearing and grading work performed on the land and that the soil was suitable for industrial development does not compel a contrary conclusion. Nor does the fact that claimants operate a building corporation mean that this property, which they have held for many years, was about to be industrially developed (see *Triple Cities Shopping Center v State of New York*, 26 AD2d 744, 745, affd 22 NY2d 683). While claimants rely upon industrial development in the vicinity, it appears that such development is limited to the frontage along Northern Boulevard. Additionally, the trial court may have inferred that installation of casings for water, sewer and gas lines were intended to serve only the developed portion of the westerly parcel and that no further development was foreseeable. Claimants further contend that since the court valued the land in question as raw acreage with the potential for industrial development, it was obliged, in accordance with *Matter of County of Suffolk (Firester)* (37 NY2d 649), to specify the acreage value and the increment value. Here, however, the comparable sales upon which the trial court relied did reflect the potential for industrial development and were valued accordingly. Had the court relied upon comparables involving sales of raw acreage which had no such potential, the incremental value would require specification (*Matter of County of Suffolk [Firester], supra*). The remaining issue concerns the State's cross appeal from a posttrial order which denied the State's motion to dismiss the claims and award judgment in its favor in the sum of $61,150, with interest, against claimant Frank J. Depo. The judgment sought represents the amount by which the State's advance payment exceeded the amount of the trial court's award. Claimants argue that the State's application constitutes an untimely attempt to interpose a counterclaim in violation of rule 1200.15 of the Rules of the Court of Claims (22 NYCRR 1200.15). By prior agreement claimant Frank J. Depo received a prepayment of $610,000 from the State for the appropriation of his property and the property of Stanley Depo & Sons, Inc. By the terms of the agreement, as subsequently amended, he consented that if the award of the Court of Claims was less than the advance payment, the court could enter judgment dismissing the claim and enter judgment in favor of the State for the difference between the court's award and the amount of the advance payment. The court's award was less

than the prepayment and now the State wants the overpayment back. The money is concededly due the State and it should be paid with as little delay and expense as possible. Technically the State's attempt to assert a counterclaim after award was handed down was untimely but the claimant had agreed to the procedure and the court abused its discretion when it denied the State's motion. The alternative to permitting the procedure the parties agreed upon is to force the State to plead hypothetical counterclaims in every case in order to protect itself against those rare instances in which the award is less than the prepayment or to relegate the State to a plenary action in Supreme Court to recover money concededly owed. (Appeal from judgment of Court of Claims—appropriation.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.