■ FRANK J. DEPO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 54113.) (Appeal No. 2.)—Award and findings unanimously affirmed, without costs, and judgment entered thereon vacated. Same memorandum as in *Depo & Sons v State of New York* (58 AD2d 1002). (Appeal from judgment of Court of Claims—appropriation.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.

■ STANLEY DEPO & SONS, INC., Respondent, v STATE OF NEW YORK, Appellant. FRANK J. DEPO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54113.) (Appeal No. 3.)—Order unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs, and matter remitted to court of claims for entry of judgment in accordance with the terms of the stipulation, as amended, of the parties hereto. Same memorandum as in *Depo & Sons v State of New York* (58 AD2d 1002). (Appeal from order of Court of Claims—dismiss claims.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.

■ MERCHANTS NATIONAL BANK & TRUST COMPANY OF SYRACUSE, Respondent, v SYRACUSE EAGLES HOCKEY CLUB CORP., Defendant, and DOMENIC URCIUOLI et al., Appellants. (Appeal No. 1.)—Order and judgment unanimously affirmed, with costs, on the opinion at Special Term, Hancock, J., and the following memorandum: We affirm Special Term but note that appellants' fraud in the inducement defense must be rejected as a matter of law because they have failed to allege justifiable reliance on the bank's alleged misrepresentation. The improbability of reliance upon the claimed misrepresentation is insufficient standing alone to provide a basis to grant plaintiff's motion for summary judgment *(Millerton Agway Corp. v Briarcliff Farms,* 17 NY2d 57; *Plastoid Cable Corp. of Amer v TFI Cos.,* 55 AD2d 930). Here, however, the terms of the note and guarantee were so completely inconsistent with the alleged oral representations that it strains credulity to believe that these appellants did in fact rely upon the alleged representations after they signed the guarantees. Therefore, appellants have failed to establish the elements of the defense of fraud in the inducement because they cannot claim justifiable reliance upon the alleged oral misrepresentations in the face of the outstanding conflict between those representations and the written terms of the promissory note and guarantee (see *Leumi Fin. Corp. v Richter,* 17 NY2d 166, 173). (Appeals from order and judgment of Onondaga Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.