THIRD DEPARTMENT, DECEMBER, 1977

(December 1, 1977)

■ WILLIAM R. LA FLURE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54687.)—Appeal from an order of the Court of Claims, entered October 8, 1974, which denied a motion by the State for permission to interpose a counterclaim and for summary judgment thereon. In this appropriation case, the Court of Claims awarded claimant $750 less than he had already received from the State pursuant to an advance payment agreement (see Highway Law, § 30, subd 13). By notice of motion dated July 10, 1974, the State sought to interpose a counterclaim for this overpayment, relying on the agreement and an allegation that claimant's attorney had orally stipulated to the entry of judgment on the proposed counterclaim. Although there was no opposition to the motion, we agree that it was properly denied. One of the terms of the agreement for advance payment governed the contingency which has arisen and specified that the State could interpose a counterclaim for such a difference "within thirty days after the filing of the Court's decision." This provision was obviously designed by the State as a device to relieve itself from the burden of pleading numerous hypothetical counterclaims as a matter of course in appropriation cases, and as a convenient method to insure the expeditious recovery of any overpayment in those few instances where they might occur (see *Depo & Sons v State of New York*, 58 AD2d 1002). This prearranged extension of the ordinary time to assert a counterclaim would have served

its intended function but for the unexplained failure of the State to take advantage of it. The decision of the Court of Claims was filed on January 30, 1974 and the instant motion was made over five months later. The nature of the "stipulation" reached with claimant's attorney is not made clear, but there is no allegation that he further lengthened this self-imposed 30-day period of extension or that he communicated with State officials within that period and somehow prevented them from taking appropriate action. In short, while the State may have other avenues of recourse against claimant, it is asking us to overlook its neglect to follow the very procedures it devised to secure that relief in a summary fashion after judgment in the Court of Claims. No factual or legal reason has been advanced to demonstrate why we should do so. Order affirmed, with costs. Greenblott, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.