■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BUDDY HOLMES, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator is an inmate at the Attica Correctional Facility, having been sentenced

on June 27, 1974 to an indeterminate term with a maximum of seven years upon his plea of guilty of attempted kidnapping in the second degree. On May 7, 1975 he met with a panel of the Board of Parole and his minimum period of imprisonment (MPI) was set at 3½ years, excluding credit for 319 days of jail time. Relator brought an article 78 proceeding and the court found that the MPI was improperly fixed (see Correction Law, § 212, subd 2-a). It ordered that a new hearing be held and that if relator's MPI was set at more than one half of his maximum sentence, the action should be reviewed by the full Board of Parole. It was also directed that the reasons for the MPI be stated. A new hearing was held by a panel of the board on August 13, 1975 and relator's MPI was set at three years, but again the reasons were not stated. On September 2, 1975, before the MPI was reviewed and approved by the full board on September 15, 1975, relator brought this habeas corpus proceeding in which he seeks his release and also asks that the board be held in contempt of court for failing to state the reasons for the MPI which was fixed. The panel reconvened in October, 1975, at which time the reasons were stated and furnished to relator. While critical of the board's bifurcated action, the court dismissed the writ upon finding that the October hearing was merely an adjournment of the August hearing; that the board had complied with the prior court order directing that a proper MPI be set; and that the reasons therefor were stated and furnished to relator. Relator appeals. The writ was properly dismissed. Where the Board of Parole impermissibly sets a prisoner's MPI (Correction Law, § 212, subd 2-a) or fails to state reasons for the MPI (*Matter of Festus v Regan,* 50 AD2d 1084, mot for lv to app den 41 NY2d 802) the remedy is not habeas corpus leading to release of the prisoner, but an article 78 proceeding to compel compliance (see *Matter of Speed v Regan,* 50 AD2d 1100). The Board of Parole has now fully complied with these requirements and relator is entitled to no further relief (see *People ex rel. Ward v Smith,* 52 AD2d 755). (Appeal from judgment of Wyoming County Court—habeas corpus.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.