OPINION OF THE COURT
Cornelius J. O’Brien, J.
Petitioner, pursuant to a writ of habeas corpus, seeks to be discharged from his incarceration at Rikers Island on the ground that he has been denied timely reconsideration for parole pursuant to the provisions of section 259-i of the Executive Law.
The facts are as follows:
On January 26, 1978, petitioner was convicted in Supreme Court, Queens County, of the crimes of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree and sentenced to concurrent terms of three years to life and one year to life. On June 13, 1980, he was released on parole with a maximum expiration date of life.
*837 On June 3, 1981, petitioner was arrested in Queens County on charges of criminal sale of a controlled substance in the second degree and in the third degree, and bail was set in the amount of $10,000. Thereafter, he was indicted on two counts of criminal sale of a controlled substance in the third degree. These charges are currently pending in New York County Special Narcotics Part and petitioner, not having made bail, is presently incarcerated on them.
A parole violation warrant was lodged against petitioner on June 4, 1981, and a preliminary parole revocation hearing was conducted on June 15 and June 22, 1981. A final hearing was held on November 23, 1981.*
The recommendation of the hearing officer to the New York State Board of Parole reads as follows: “Violation of parole sustained. Charge #2[8] and 3[11] are sustained. Charge #1[6] is dismissed. Delinquency date of 3/10/81 is sustained. Revoke parole and hold subject 18 months to next Parole Board appearance.”
On December 23,1981, Maria J. Buchanan, a member of the Board of Parole, acting for the board (Executive Law, § 259-d; People ex rel. Nelson v Hammock, 96 Misc 2d 776) approved the hearing officer’s recommendation in the following language: “Violation of parole sustained. D D 3/10/81 sustained. Revoke parole and hold subject 18 months to next Board appearance.”
Petitioner claims that his “next parole board appearance” pursuant to this decision should have been on December 3, 1982, 18 months after the warrant was lodged.
Petitioner is not entitled to immediate release even if his assertion is correct (cf. Matter of Greene v Smith, 52 AD2d 292; Matter of Speed v Regan, 50 AD2d 1100; People ex rel. Miranda v Henderson, 54 AD2d 611). Therefore, the remedy of habeas corpus is not available to him (People ex rel. Mendolia v Superintendent, Green Haven Correctional Fa *838 cility, 47 NY2d 779; People ex rel. Lane v Vincent, 32 NY2d 940).
Although the proceeding is labeled habeas corpus it is actually an attempt to bring on a CPLR article 78 proceeding in the nature of mandamus (CPLR 7803). As such, it is defective as to form (CPLR 7804). The petitioner has also not chosen the proper venue for the proceedings since the “determination complained of”, etc. (CPLR 506, subd [b]), did not occur in Queens County.
It would serve no useful purpose, however, for this court to dismiss the matter. Veniie, pursuant to CPLR 506, is not jurisdictional and may be waived (Matter of Civil Serv. Employees Assn. v New York State Public Employment Bd., 65 Misc 2d 544, affd 39 AD2d 971). Defects as to form, while certainly not to be condoned, especially where the papers are prepared by an attorney, may be overlooked by the court in its discretion since “[s]uch treatment is preferable to dismissing applications defective in form because dismissal simply leads to subsequent petitions seeking identical relief” (Matter of Greene v Smith, supra, p 293).
Section 259-i of the Executive Law is the “statutory scheme which assures that the parolee’s due process rights are protected” (People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196).
Section 259-i (subd 3, par [f], cl [x]) of the Executive Law reads as follows: “If the presiding officer is satisfied that there is a preponderance of evidence that the alleged violator violated one or more conditions of release in an important respect, he shall so find. When the presiding officer is a board member, he may (A) direct the violator’s reincarceration and fix a date for consideration by the board for re-release on parole or conditional release, as the case may be; or (B) direct that the parolee or conditional releasee be restored to supervision. If the violator is restored to supervision, the board member may impose such other conditions of parole or conditional release as he may deem appropriate. When the presiding officer is a hearing officer, he may recommend to the board the dispositions in clauses (A) and (B).”
When Parole Board member Buchanan approved the recommendation of the hearing officer, what she did was to *839 direct petitioner’s “reincarceration and fix a date for consideration by the board for re-release on parole” as mandated by clause (x) above (see Executive Law, § 259-d). The question then is whether the 18-month period which must expire before “consideration for re-release” begins running on June 4, 1981 (the date the warrant was lodged), or on December 3, 1981 (the date of board member Buchanan’s approval), or on some future date commencing on petitioner’s return to a New York State correctional facility, as the Division of Parole contends.
It appears clear to this court that the position of the Division of Parole is correct and reasonable. If the petitioner’s contention is correct, he would have been entitled to “consideration for re-release” on December 3, 1982, 18 months after the warrant was lodged. But what purpose would this serve, since he had felony charges pending against him which are still unresolved and which are the basis for his violation of parole in the first place? Similarly, if the date for consideration for rerelease is to be computed from Commissioner Buchanan’s approval of the hearing officer’s recommendation, he would be entitled to go before the Parole Board on June 3, 1983. However, there is no guarantee that his current case will be resolved by that date and until such time there is simply no point in petitioner going, once more, before the Parole Board.
Petitioner has no valid complaint against the Division of Parole. If there was any question as to the date set, he should have appealed pursuant to subdivision 4 of section 259-i of the Executive Law. The Division of Parole cannot be held responsible for the fact that petitioner has not been brought to trial on his current case for almost two years. If the prosecution in that case is at fault, petitioner has both statutory and constitutional remedies that can be advanced in New York County.
“Petitioner is not precluded from requesting a new hearing after his return to State custody, since at that time the Division of Parole will have jurisdiction and discretion to re-evaluate his case based upon any new information which might be offered” (Kaminsky v Hammock, 76 AD2d 758, 759). In the meantime, no impropriety having been shown, it would be “improper for the court to accelerate the *840 date of petitioner’s next scheduled release hearing” (Matter of Ryder v New York State Bd. of Parole, 87 AD2d 891, 892).
“A proceeding in the nature of mandamus is an extraordinary remedy which will lie only where there is a clear legal right to the relief sought.” (Kaminsky v Hammock, supra, p 758.) This petitioner, not having demonstrated such “clear legal right” and in fact, it being clear that the Division of Parole has complied with the provisions of section 259-i of the Executive Law, the application is denied in all respects.

 Petitioner also claimed that he was not afforded the final parole revocation hearing within 90 days of the finding of probable cause that he had violated the terms of his parole. Since this issue had previously been litigated before Mr. Justice Burton Hecht in Bronx County and decided adversely to petitioner on December 23,1981, he is barred from relitigating it and this court so held on February 9, 1983.