**James J. WALKER, Plaintiff-Appellant,**

**v.**

**Russell G. OSWALD, Chairman, New York State Board of Parole, New York State Board of Parole, Defendants-Appellees.**

**No. 803, Docket 71–1081.**

United States Court of Appeals, Second Circuit.

Argued May 5, 1971.

Decided July 20, 1971.

Herman Schwartz, Buffalo, N. Y., for plaintiff-appellant.

William J. Stutman, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen. and Hillel Hoffman, Asst. Atty. Gen., on the brief), for defendants-appellees.

Before LUMBARD, SMITH and KAUFMAN, Circuit Judges.

LUMBARD, Circuit Judge:

James J. Walker, a New York state prisoner, is appealing from a dismissal of his complaint brought under the Civil Rights Act, 42 U.S.C. § 1983, in the Western District of New York. That complaint alleged that since his minimum period of imprisonment, set by the State Board of Parole, was determined at a proceeding in which he was not represented by counsel and in which he did not have the benefit of certain other procedural safeguards, he was deprived of due process of law and his constitutional right to counsel. Judge Curtin dismissed Walker's complaint in an unreported opinion dated December 7, 1970.

We affirm the decision below, finding that, based on our decision in Menechino v. Oswald, 430 F.2d 403, 407 (2 Cir. 1970), there is no constitutional right to counsel at a minimum sentencing hearing conducted by the Board of Parole.

Walker was convicted in the Bronx County Supreme Court, after a jury trial, of robbery and grand larceny, both in the third degree. In New York, these offenses are Class D and E felonies, respectively. On May 14, 1969, Walker was sentenced by the court to serve concurrent prison terms of a *maximum* of seven and three years respectively on the two counts. The court did not impose a minimum period of imprisonment to be served prior to consideration for parole.

Under a new sentencing procedure introduced in New York in 1967, N.Y.Penal Law, § 70.00(3), the judge may set the minimum sentence for Class B, C, or D felonies; and if he does not do so, then between nine and twelve months

after the confinement begins, the Board of Parole sets a tentative minimum sentence, provided that such minimum sentence is at least one year.[1] For Class E felonies, the Board sets the minimum in all cases.

Thus, since the court in this case failed to set any minimum sentence for Walker, the Board, about ten months after his confinement, called him for an interview before three of its members in order to do so. As a result of this interview, his minimum period of imprisonment before parole consideration was set at six years. Walker was not represented by counsel at this interview nor did he have any of the other procedural protections required at a judicial sentencing. Thereafter, the entire Board of Parole reviewed his sentence and unanimously affirmed it.[2]

On October 19, 1970, Walker instituted the instant civil rights action, claiming in a class action brought on behalf of all defendants whose minimum sentences have been, or are to be, set by the Parole Board, that at his minimum sentencing hearing he was denied his constitutional right to certain procedural safeguards, notably the right to counsel. He asked that his minimum sentence be set aside and a new hearing ordered at which he would be entitled to counsel and the other due process safeguards available at judicial sentencing. Judge Curtin rejected Walker's claim, holding that the Board's action was not a sentencing proceeding. He stated that Walker had been sentenced by the court in a proceeding in which all the constitutional safeguards had been extended, and that the Board merely set a minimum time which the defendant was required to serve within the maximum limit imposed by the court.

Starting from the undisputed proposition that there is a right to counsel at judicial sentencing proceedings, even if that sentencing is deferred until probation is revoked [Mempa v. Rhay, 389 U. S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), McConnell v. Rhay, 393 U.S. 2, 4, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968), United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963)], Walker argues that the fixing of a mini-

---

1. New York Penal Law, § 70.00(3) provides, in pertinent part, as follows:

"3. Minimum periods of imprisonment. The minimum period of imprisonment under an indeterminate sentence shall be at least one year and shall be fixed as follows:

* * * (c) In any other case [where the court has not fixed the minimum], the minimum period of imprisonment shall be fixed by the state board of parole in accordance with the provisions of the correction law."

Correction Law, § 805(2) (renumbered § 212(2) as of July 11, 1970), provides, in pertinent part:

"In any case where a person is received in an institution under the jurisdiction of the state department of correction with an indeterminate sentence, and the court has not fixed the minimum period of imprisonment, the board shall cause to be brought before one or more members not sooner than nine months or later than one year * * * all information with regard to such persons * * * as may have been compiled. The member or members receiving such information shall study same and shall personally interview the sentenced per-

son. Upon conclusion of the interview, such member or members shall make a determination as to the minimum period of imprisonment to be served prior to parole consideration. Such determination shall have the same force and effect as a minimum period fixed by a court, except that the board may at any time make subsequent determinations reducing such minimum period provided that the period shall in no case be reduced to less than one year. Notification of the determination and of any subsequent determination shall be furnished in writing to the sentenced person * * * as soon as practicable.

In any case where the minimum period of imprisonment is fixed * * * at more than one-third of the maximum term, or at more than three years from the date the sentence commenced, whichever is less, such determination shall be deemed tentative and shall be reviewed by the entire board as soon as practicable."

2. This review was required by Correction Law, § 805(2) [now § 212(2)]. See note 1, *supra.*

mum period of imprisonment by the Board of Parole is in reality equivalent to the imposition of sentence by the court. According to him, there is no rational basis for allowing a right to counsel at sentencing by the court while denying it at minimum sentencing by the Parole Board. The minimum set by the Board, he contends, is equally important, for it determines parole eligibility and actual length of confinement. Moreover, in Walker's view, the minimum sentence, even when imposed by the Board, determines how serious the community believes the crime to be, and this is the traditional sentencing function. For these reasons, he concludes, it is irrelevant that counsel is present at the initial court sentencing where the maximum sentence is imposed; counsel must also be present at the minimum sentencing by the Parole Board.

In support of these contentions, Walker appeals to the legislative history of the new sentencing law and points out further that the legislation creates no standard for deciding when the minimum sentence should be imposed by the court and when by the Board. Thus, he contends, there is no rational basis for denying counsel and other safeguards to defendants whose minimum sentence is set by the Board, while granting it to those whose minimum is set by the court.

■ We reject this argument. In Menechino v. Oswald, *supra*, we held that there is no right to counsel at a hearing to determine whether a prisoner should be released on parole. Contrary to Walker's arguments, the minimum period of imprisonment hearing before the Parole Board is more akin to such a parole release hearing than it is to judicial sentencing. Indeed, again despite Walker's assertions, there is a very significant difference between minimum sentencing by the court and that by the Board. A minimum sentence imposed by the court is an irrevocable declaration that a defendant must serve a speci-

fied period of time in prison before the Parole Board is empowered to release him. The Board determination, on the other hand, is merely an internal administrative action for the purpose of scheduling a case for parole consideration. That determination can be reviewed and changed at a later date, since the statute provides that the Board "may at any time make subsequent determinations reducing such minimum period provided that the period shall in no case be reduced to less than one year." [3] The purpose of the Board interview is to ascertain an inmate's background, to determine the inmate's needs in terms of correctional treatment, to explain to him what is expected of him before considering his release on parole, and to set a tentative date for considering his release on parole. In effect, then, the Board proceeding in question here is very much like an interview to schedule, tentatively and subject to change, a hearing for parole release. As such, in our view, it is an integral part of the parole release process, and hence our decision denying the right to counsel in parole release hearings controls the instant case.

Furthermore, judicial sentencing is adversary in nature, whereas the Board proceeding is not. A judicial sentencing proceeding takes place in the courtroom where the defendant was tried and convicted, and the prosecutor is heard on behalf of the state. This, of course, is not true of the Board interview, which is insulated from the adversarial demands of the prosecution and the pressures of the public, and where there is consequently less need for defense counsel. In addition, the record developed at the judicial sentencing, where counsel is present, is available and may be used by the Parole Board.

Lastly, as in *Menechino*, the Board's determination is not final and may subsequently be changed. The *Mempa* case, cited by Walker, rested at least in part upon the dangers that certain legal rights would be waived unless counsel were present at judicial sentencing to

---

3. This provision is from Correction Law, § 805(2) [now § 212(2)], which is referred to in Penal Law, § 70.00(3) (c). See note 1, *supra*.

protect them: the right of appeal; the right to withdraw a guilty plea or to challenge it on the basis of unfulfilled promises; the right to assert new grounds for setting aside a guilty verdict or for moving in arrest of judgment; the right to challenge the type of sentence received or the information relied on by the trial court in imposing sentence; and the right to ask for special treatment, such as that for narcotics addicts or youthful offenders. As we recognized in *Menechino*, these considerations are not pertinent to non-final Parole Board proceedings [430 F.2d at 410–411], and hence counsel is not required.

We cannot accept Walker's attempt to distinguish *Menechino* on the ground that minimum sentencing deals with when a prisoner will first be *considered* for release, whereas parole release hearings focus on whether the offender is sufficiently rehabilitated to risk immediate release at that time. Walker argues that in minimum sentencing proceedings the nature of the crime is more important, while in parole release proceedings the rehabilitation and progress of the prisoner and his behavior in prison are paramount. Thus, Walker concludes, parole release represents an aspect of internal prison discipline, whereas minimum sentencing does not, and hence counsel is required in the latter.

This distinction is specious. The estimate of future conduct enters not only into minimum sentencing proceedings, but also into parole release hearings, where the Board is given discretion to set a date for the next hearing. We cannot see why counsel should be required when the Board sets a date for *possible* release, when we have already decided that none is required when the prisoner's actual immediate freedom is at stake. Indeed, as shown above, the minimum period of imprisonment proceedings before the Board are an integral part of the parole release process. In any event, as in *Menechino*, Walker is presently being deprived of no "right"; he is entitled to be released only after full service of his maximum sentence, less good time. In this way, this instant situation differs from a parole *revocation* proceeding, which determines whether the offender will continue at liberty or be imprisoned, and in which we have held that there is a right to counsel. United States ex rel. Bey v. Connecticut State Board of Parole, 443 F.2d 1079 (2 Cir., decided May 17, 1971). The New York courts have also so held. People ex rel. Menechino v. Warden, 27 N.Y.2d 376, 318 N.Y.S.2d 449, 267 N.E. 2d 238 (1971). Walker presently neither enjoys freedom from prison walls nor is entitled to it.

We have examined Walker's contentions concerning the right to have, in the Board's minimum sentencing proceeding, other procedural safeguards available at judicial sentencing—such as the right to present mitigating evidence and to have a full hearing with a transcript—and we find them to be wholly without merit.

Affirmed.