Arthur E. Blauvelt, J.
Petitioner, an inmate of Auburn Correctional Facility, by his petition sworn to April 24, 1973, seeks an order directing the respondents to credit the 202 days’ jail time served by him prior to commencement of his present sentence upon the minimum term fixed by the Parole Board to be served prior to parole consideration.
Petitioner was convicted in Onondaga County Court of assault, second degree, and sentenced on December 29,1971 to an indeter *1028 mínate sentence of seven years. The court did not fix the minimum term of the sentence. Petitioner had spent 202 days in jail awaiting disposition of the charge before commencing service of this sentence.
In October, 1972, the Parole Board made its initial determination that petitioner should serve two years of his sentence prior to parole consideration. Respondents have refused to credit the 202 days’ jail time against this two-year period although it has been credited against petitioner’s maximum term.
Petitioner argues that since subdivision 2 of section 212 of the Correction Law provides that the minimum period fixed by the Parole Board has the same effect as a minimum period fixed by the sentencing court, he is entitled to this credit against his minimum term. However, he overlooks the exception which follows this pronouncement and which empowers the Parole Board to reduce this minimum period which it fixes, from time to time, provided that the minimum period be not reduced to less than one year.
There are substantial differences between minimum periods fixed by the Parole Board and those fixed by the court. The Parole Board is empowered to fix a minimum period in excess of one third of the maximum term (Correction Law, § 212, subd. 2). The court is forbidden to fix a minimum term in excess of one third of the maximum term. The Parole Board is empowered to reconsider its minimum term as frequently as it wishes for the purpose of reducing it. The court has no power to reconsider the minimum term which it has fixed, provided it has imposed a legal sentence (Matter of Lyons v. Robinson, 293 N. Y. 191,196). Subdivision 3 of section 70.30 of the Penal Law allows jail credit on the minimum term fixed by the court. It does not allow such credit against the minimum term fixed by the Parole Board.
It is a rational assumption that, by allowing jail time credit against the minimum term fixed by the court, the Legislature intended to offset to some extent the rigidity of court-fixed minimum terms against the flexibility of Parole Board fixed minimum terms.
This also demonstrates why indeterminate sentence men, with Parole Board fixed minimum terms, are not being denied equal protection of the law. They are in different circumstances from men with court-fixed minimum terms. Being differently circumstanced as to sentence, there is no denial of equal protection because one class receives jail time credit while the other does not.
*1029 The principle was stated in People v. Klinck Packing Co. (214 N. Y. 121,129), as follows: “ And on the subject of equal rights the constitutional rule is that ‘ No person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances.’ (Missouri v. Lewis, 101 U. S. 22, 31.) ” Accordingly, the relief sought is denied and judgment is directed dismissing the proceeding (CPLR art. 78) on the merits.