■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT JOHNSON, Respondent, v. ERNEST L. MONTANYE, as Superintendent of Attica Correctional Facility, Appellant.— Judgment unanimously reversed on the law and writ dismissed. Memorandum: The issue is presented as to whether it is required that local jail time be deducted from the minimum period of imprisonment of relator, determined by the Board of Parole to be 18 months. He is serving an indeterminate sentence having a maximum term of three years in the Attica Correctional Facility. Subdivision 2 of section 212 of the Correction Law provides: " In any case where a person is received in an institution under the jurisdiction of the state department of correction with an indeterminate sentence, and the court has not fixed the minimum period of imprisonment, the board shall * * * make a determination as to the minimum period of imprisonment to be served ". Mention of jail time credit, currently mandated by subdivision 3 of section 70.30 of the Penal Law in the case of an indeterminate sentence where a minimum period of imprisonment has been fixed by the court, is specifically omitted by the Legislature in subdivision 2 of section 212. While such section provides that the fixing of a minimum period of imprisonment by the Board of Parole " shall have the same force and effect as a minimum period fixed by a court ", it should be noted that the minimum period of imprisonment as determined by the board does not have the inflexibility of a minimum sentence imposed by a court. The purpose of subdivision 2 of section 212 by its terms is to give the board an opportunity to inquire into an inmate's background and make an informed judgment as to the inmate's needs in terms of correctional treatment. As contemplated by the statutory scheme, the preparole records, personal history and criminal record including data on jail time are all to be given consideration in determining when the board will first consider the inmate's release on parole. Such a determination is based on the board's own findings and judgment free of any court imposed minimum or any limitation or credit applicable to a court imposed minimum. The statutory grant to the Parole Board of authority to fix the minimum period of imprisonment prior to parole consideration permits an evaluation by the board of the full range of rehabilitative and penalogical factors relating to an inmate's condition and circumstances and represents a departure from the rigidity of court fixed minimum terms. A discussion of the scope of the rehabilitational factors ˌproperly considered by the board is contained in *Walker* v. *Oswald* (449 F. 2d 481, 484) : " A minimum sentence imposed by the court is an irrevocable declaration that a defendant must serve a specified period of time in prison before the Parole Board is empowered to release him. The Board determination, on the other hand, is merely an internal administrative action for the purpose of scheduling a case for parole consideration. That determination can be reviewed and changed at a later date, since the statute provides that the Board ' may at any time make subsequent determinations reducing such minimum period provided that the period shall in no case be reduced to less than one year.' The purpose of the Board interview is to ascertain an inmate's background to determine the inmate's needs in terms of correctional treatment, to explain to him what is expected of him before considering his release on parole, and to set a tentative date ˌfor considering his release on parole. In effect, then, the Board proceeding in question here is very much like an interview to schedule, tentatively and subject to change, a hearing for parole release." (See, also, *Matter of O'Hara* v. *Hen-*

*derson,* 74 Misc 2d 1027.) A requirement that the Board of Parole substitute for its own judgment a reduction of the minimum time required for parole consideration based on local jail time served would be at complete variance with the flexible parole release process as outlined in the statute. Since a determination of minimum by the board is required to be made after a consideration of the varying backgrounds and peculiar circumstances in each case, there is no basis for a finding of a denial of equal protection arising out of a failure to give a credit for jail time in a particular case. (Appeal from judgment of Wyoming County Court granting credit against relator's minimum period of imprisonment.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Simons, JJ.