THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR WILLIAMSON, Respondent, v ROBERT H. KUHLMANN, as Director of Woodbourne Rehabilitation Center, Appellant.*

Third Department, July 24, 1975

* *See People ex rel. Williamson v Kuhlmann*, 81 Misc 2d 1038.

*Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh, Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

*Martin S. Miller* for respondent.

GREENBLOTT, J. P. Petitioner was certified to the Narcotic Addiction Control Commission (NACC), a predecessor to the Drug Abuse Control Commission (DACC) on July 24, 1969 for an indeterminate sentence with a maximum of 60 months. On April 9, 1974, he was released from an institution in Brooklyn. On his first report to Brushwick Community Rehabilitation Center on April 10, 1974, he had a positive urine test for drugs. On April 30, 1974 petitioner's aftercare worker declared him L.T.C. (lost to contact). On May 16, 1974, petitioner was arrested and subsequently convicted of criminal possession of a dangerous weapon. On January 23, 1975, after serving his sentence, petitioner was, pursuant to a supplementary violation report, returned to inpatient custody at Woodbourne Rehabilitation Center without a hearing for continuous failure as an outpatient to report to his community-based aftercare worker.

On application for a writ of habeas corpus, petitioner was granted release on May 12, 1975 from inpatient custody with DACC. Special Term based its decision to grant petitioner's release to outpatient status upon *Matter of Ball v Jones, Matter of Pannell v Jones* (43 AD2d 281, mod 36 NY2d 339, hereinafter referred to as *Matter of Pannell v Jones).* Special Term concluded that since the Court of Appeals affirmed the Fourth Department decision as to the necessity of notice of charges and an opportunity to be heard before outpatient status can be lawfully revoked, even though it modified the decision insofar as when there exists a right to counsel, the constitutional right to a hearing was in effect since January 17, 1974 (the date of the Fourth Department decision). As the

petitioner was violated on January 23, 1975, the trial court concluded that the petitioner's return to inpatient custody had been accomplished in violation of his constitutional rights. The question here presented is whether or not a person whose outpatient status was revoked after the Fourth Department decision but prior to the Court of Appeals decision in *Matter of Pannell v Jones (supra)* is entitled to the procedures required as set forth in that case.

We conclude that the procedural requirements for revocation of a certified addict's aftercare status established by the Court of Appeals in *Matter of Pannell v Jones (supra)* should apply only to those revocations which occur after March 26, 1975, the date of the Court of Appeals decision. We base this holding upon the decision of the Court of Appeals in *People ex rel. Calloway v Skinner* (33 NY2d 23), and in *Pannell (supra)*.

In *Calloway,* the Court of Appeals was required to determine the time when the Supreme Court decision in *Morrissey v Brewer* (408 US 471), defining the nature and scope of due process in parole revocation proceedings, became applicable. The court concluded that if, on the date of the *Morrissey* decision, the charges of delinquency had not yet been considered and the parolee had not yet been declared delinquent by a member of the Parole Board, then he should be entitled to a *Morrissey* preliminary hearing, for the revocation process had not yet been engaged.

When the Court of Appeals was faced with the question of whether a person certified and committed for treatment as a narcotic addict and released as an "outpatient" is entitled to a full due process hearing, including the assistance of counsel, before outpatient status may be revoked, the court drew a distinction between revocation of a certified addict's aftercare status and parole revocation *(Matter of Pannell v Jones,* 36 NY2d 339, 343, *supra).* The court found that "[t]he difference between the purposes of imprisonment for crime and rehabilitative confinement for narcotic addiction * * * allow for different and less restrictive procedure when outpatient status is sought to be revoked (see *People v Fuller,* 24 NY2d 292, 302–303, *supra)" (Matter of Pannell v Jones, supra,* p 343). The Court of Appeals viewed revocation of aftercare status as requiring less in the way of substantive due process than revocation of parole. The due process required in criminal situations was found to have limited application to the drug addiction program. Since the *Morrissey* decision, dealing with

an area of the law judicially recognized as requiring more substantial due process guarantees than revocation of aftercare status, was applied prospectively, we do not feel that the *Pannell* decision was intended to be applied retroactively.

The critical date for the purposes of determining the applicability of *Pannell* to this addict and others similarly situated, is therefore determined to be March 26, 1975, the date of the Court of Appeals decision. The petitioner's outpatient status was revoked on January 23, 1975, two months prior to the Court of Appeals decision. He therefore was not deprived of any then-existing rights when he was returned to inpatient custody.

The judgment should be reversed, on the law and the facts, the petition denied and the writ dismissed, without costs.

SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, petition denied and writ dismissed, without costs.