In the Matter of FREDERICK BOUTELLE, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.

Third Department, July 29, 1976

*Laura Zeisel* for appellant.

*Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh* and *Ruth Kessler Toch* of counsel), for respondents.

MAIN, J. On May 24, 1974, petitioner was sentenced to an indeterminate term of imprisonment not to exceed seven years upon his plea of guilty to the crime of robbery in the first degree. The sentencing court did not fix his minimum term of imprisonment, however, and when petitioner commenced serving his sentence on July 8, 1974, he had already

spent 413 days in jail awaiting the disposition of his case. Subsequently, he met with the parole board, pursuant to subdivision 2 of section 212 of the Correction Law, and was given a minimum period of imprisonment of three years with an initial meeting with the board for parole consideration scheduled for June, 1977.

Under these circumstances, petitioner instituted the instant proceeding wherein he seeks an order directing the parole board to credit and diminish his minimum period of incarceration by the length of his jail time prior to the commencement of his present sentence. Arguing that the petition was insufficient on the law and the facts, respondents then moved for a dismissal, and, as noted above, Special Term ultimately denied the petition.

On this appeal, petitioner initially contends that he is entitled to jail time credit against his minimum period of imprisonment as established by the parole board. We disagree, however, and concur with the reasoning in *People ex rel. Johnson v Montanye* (42 AD2d 1041, app dsmd 34 NY2d 994) wherein this identical issue was previously considered and rejected. Pursuant to the plain language of subdivision 3 of section 70.30 of the Penal Law, as it stood when this controversy was before Special Term, jail time credit applied only to minimum terms "fixed by the court" and not to those set by the board whose more flexible procedures allow for future adjustments. Although this statute was later amended to make such credit applicable to board-established minimums (L 1976, ch 21, eff March 9, 1976), nothing contained in said amendment indicates a legislative intent that it be applied retroactively and, therefore, we find that it is not relevant to our discussion here.

Similarly without merit are petitioner's remaining contentions that the entire board must review his minimum term established by three of its members and supply him with a statement of its reasons for the term imposed. In this instance, the three-year minimum falls squarely within the exception included in subdivision 2-a of section 212 of the Correction Law whereby review of minimum terms by the entire board is rendered unnecessary. Moreover, nothing contained in that enactment or otherwise justifies our altering of the plain language and obvious intent of the Legislature by reading into the statute & requirement that any prior jail time served by an inmate must be added to his minimum

term in determining whether review by the entire board is required *(People v Goodwin,* 49 AD2d 53; McKinney's Cons Laws of NY, Book 1, Statutes, § 92).

As to a board statement setting forth the reasons for its action, we are likewise unaware of any requirement that it supply such a statement where, as here, there has been no denial of parole or other determination adverse to petitioner, but merely the tentative establishment of his minimum term and the scheduling of the initial hearing on his suitability for parole.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, LARKIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.