Raymond E. Aldrich, Jr., J.
Petitioner moves by order to show cause for a judgment pursuant to CPLR article 78 compelling respondents to apply petitioner’s jail time credits against the minimum term of his sentence as established by a parole release hearing during October, 1975 held pursuant to subdivision 2 of section 212 of the Correction Law, alleging in support of his petition that under the provisions of chapter 21 of the Laws of 1976, he is entitled to a credit for such time notwithstanding the fact that his minimum term of imprisonment was established by respondents pursuant to subdivision 2 of section 212 of the Correction Law prior to March 9, 1976, the effective date of chapter 21, alleging further that the Parole Board reset his minimum term of imprisonment during October, 1976 after the effective date of amended subdivision 3 of section 70.30 of the Penal Law, and that denial of such jail time credit would be in violation of his constitutional rights of due process and equal protection since those individuals whose minimum term is established by the court have always been given credit for jail time (Penal Law, § 70.30, subd 3), whereas prior to the 1976 amendment of subdivision 3 of section 70.30 of the Penal Law, no similar credit was given to an inmate whose minimum release date was established by the Parole Board.
The Attorney-General opposed the relief sought, averring that the provisions of chapter 21 of the Laws of 1976 amending subdivision 3 of section 70.30 of the Penal Law cannot be applied retroactively, and further denying that the Parole Board reset petitioner’s date during October, 1976.
The threshold question is whether petitioner comes within the purview of subdivision 3 of section 70.30 of the Penal Law, as amended by chapter 21 of the Laws of 1976, effective March 9, 1976, because he appeared before the Parole Board during October, 1976 under the accelerated release program insti *628 tuted by the Department of Corrections to reduce the population of the State correctional facilities. The accelerated release program was implemented at the suggestion of the Governor’s task force on prison population planning and its genesis and implementation is solely administrative in nature. Petitioner’s consideration under that program was a result of an administrative act and was not an appearance mandated by subdivision 2 of section 212 of the Correction Law, and at that time his minimum release date had been previously established prior to March 9, 1976. Therefore, contrary to the suggestion of petitioner the Parole Board did not pursuant to statutory authority re-establish his parole date subsequent to March 9, 1976 so as to require the application of chapter 21 of the Laws of 1976.
The remaining issue raised by this proceeding is whether chapter 21 of the Laws of 1976 should be applied retroactively even though the general rule of statutory construction requires that statutes only be applied prospectively (McKinney’s Cons Laws of NY, Book 1, Statutes, § 51, subd b; Kelly v Yanotti, 4 NY2d 603; Matter of Ayman v Teachers Retirement Bd. of City of N. Y., 9 NY2d 119; Matter of Mulligan v Murphy, 14 NY2d 223). However, it must be remembered that there exists an exception to such rule for statutes that are curative or remedial (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54; Shielcrawt v Moffett, 294 NY 180; Matter of Altha Busch Co. v Austin Co., 37 AD2d 648).
The Practice Commentary to subdivision 3 of section 70.30 of the Penal Law, as amended by chapter 21 of the Laws of 1976 (McKinney’s Cons Laws of NY, Book 39, 1976 Supplementary Practice Commentaries) states that the amendment was to correct the inequity resulting from the absence of a prior procedural requirement requiring the application of jail time credits to the term established by the Parole Board when establishing a minimum release date under the provisions of subdivision 2 of section 212 of the Correction Law. Professor Hechtman’s Commentary is supported by the legislative memorandum accompanying chapter 21 of the Laws of 1976 (NY Legis Ann, 1976, p 30), said memorandum stating that the bill was to correct an inequity and to allow credits to inmates for time spent in custody (jail time) regardless of whether the inmates’ minimum term was set by the court or the Parole Board.
Several considerations dictate retroactive application. The *629 remedial aspects of the amendment so as to avoid inequity has been previously referred to in this decision. Additionally, and of particular significance in correcting these inequities the legislation enacting the revised provisions of subdivision 3 of section 70.30 of the Penal Law was effective immediately, which has been accorded significant weight in determining legislative intent as to retroactive application (Matter of Deutsch v Catherwood, 31 NY2d 487, 489). Further, the statute in question relates solely to the procedures to be observed by the Parole Board under the provisions of subdivision 3 of section 212 of the Correction Law with respect to jail time credits that have been previously earned by inmates appearing before it, thereby creating no new rights and impairing no existing rights. It is also noteworthy that judicial finding of the constitutional infirmities attaching to the prior provisions of subdivision 3 of section 70.30 of the Penal Law were recognized in Matter of Festus v Regan (50 AD2d 1084), which was closely followed by the legislative enactment of chapter 21 of the Laws of 1976.
Also supporting the contention that the statute should have retroactive effect is the consideration that no administrative hardships would be occasioned. The inequities of the previously existing statute can be corrected simply by ministerial acts; in an analogous situation the Commissioner of the Department of Correctional Services by his memorandum dated August 29, 1975 directed the implementation of chapter 782 of the Laws of 1975 and a directive similarly effective could implement retroactive application of chapter 21 of the Laws of 1976. Additionally, while the Attorney-General argues that the Parole Board will no longer enjoy the flexibility in establishing minimum release dates that are subject to jail time credits, such argument fails to show either how the application of jail time credits to a term fixed by the Parole Board interferes with such flexibility and fails to demonstrate why inmates whose jail time is fixed by Parole Boards should not enjoy the same rights and protection as inmates whose minimum term is fixed by a court.
This court is aware that the Appellate Division, Third Department, has held that chapter 21 of the Laws of 1976 was not to be applied retroactively, that court finding no legislative intent of such application (Matter of Boutelle v New York State Bd. of Parole, 53 AD2d 397, 399). However, upon the evidence presented to this court, this court must rule to the *630 contrary. This court is compelled to so rule as respondents herein have failed to offer any satisfactory explanation for the legislative classification depriving certain inmates of jail time credits prior to the enactment of chapter 21; while it is argued that mandating such credits would impede the flexibility intended to be vested in the Parole Board under the provisions of subdivision 2 of section 212 of the Correction Law (see People ex rel. Johnson v Montanye, 42 AD2d 1041) such argument suffers from the constitutional deficiency implicitly recognized in Festus (supra).
While the thrust of the foregoing opinion of the court as to the issue of retroactivity date presupposes that petitioner’s contentions are upheld, and this court individually believes they should be, it must be noted regretfully that the Appellate Division, Third Department, has held that chapter 21 of the Laws of 1976 is not to be applied retroactively (Matter of Boutelle v New York State Bd. of Parole, supra), and therefore since the Appellate Division, Second Department, has not passed upon this issue in accordance with the individual findings of this court that chapter 21 of the Laws of 1976 should be applied retroactively, this court is bound by the pronouncement in Boutelle (supra), and the judgment sought is denied and the article 78 proceeding is dismissed.