■    In the Matter of RICARDO YEARBY, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered September 20, 1977 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to compel respondents to recompute petitioner's minimum period of imprisonment. Petitioner was sentenced on February 28, 1975 to serve three concurrent

terms of 15 years each for manslaughter, first degree, robbery, first degree, and burglary, first degree. On March 6, 1975, petitioner was received at Green Haven Reception Center to commence service of his sentence. At that time, he was given credit for 247 days jail time off his maximum sentence. His maximum expiration date is June 28, 1989. In January, 1976, the Parole Board set the minimum period of imprisonment at five years from the date of reception on each of the sentences with an initial meeting with the board for parole consideration scheduled for February, 1980. Petitioner instituted the present proceeding seeking an order directing the Parole Board to credit and diminish his minimum period of incarceration by the length of his jail time prior to the commencement of his present sentence. Special Term, denying the petition, held: "Section 70.30(3) was amended, effective March 9th, 1976 to make jail time credit applicable to such board-established minimums. However, at the time the Parole Board established petitioner's minimum period of imprisonment, the statute, as amended, was not in effect, and jail time credit did not apply to board-established minimums." Subdivision 3 of section 70.30 of the Penal Law, in effect on February 28, 1975, the date of petitioner's sentence, provided that jail time credit applied only to minimum terms "fixed by the court", and not to those set by the board whose more flexible procedures allow for future adjustments (Matter of Boutelle v New York State Bd. of Parole, 53 AD2d 397; People ex rel. Johnson v Montanye, 42 AD2d 1041, app dsmd 34 NY2d 994). In addition, there is no merit in petitioner's contention that the amendment to section 70.30 of the Penal Law, effective March 9, 1976, should be applied retroactively for his benefit. "Although this statute was later amended to make such credit applicable to board-established minimums (L 1976, ch 21, eff March 9, 1976), nothing contained in said amendment indicates a legislative intent that it be applied retroactively and, therefore, we find that it is not relevant to our discussion here." (Matter of Boutelle v New York State Bd. of Parole, supra, p 399.) Courts have consistently denied retroactive application of statutes and court decisions where due process claims are made in inmate parole cases (People ex rel. Calloway v Skinner, 33 NY2d 23; People ex rel. Maggio v Casscles, 28 NY2d 415; People ex rel. Williamson v Kuhlmann, 49 AD2d 46). The judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.