■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST EMANUEL, Appellant, v JOHN J. QUINN, as Acting Commissioner of the New York State Board of Parole, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent to credit petitioner with certain jail time, petitioner appeals from a judgment of the Supreme Court, Dutchess County, entered March 11, 1977, which denied his application. Judgment affirmed, without costs or disbursements. Petitioner was arrested in Westchester County on May 7, 1973 and placed in the county jail. After a trial on various charges, he was sentenced on March 6, 1974 to a maximum prison term of 15 years. On March 11, 1974, petitioner was transferred to a State facility. Since petitioner's sentence specified no minimum term, the Board of Parole imposed a minimum term of five years on January 22, 1975. Subdivision 3 of section 70.30 of the Penal Law, as amended by the Laws of 1976 (ch 21, § 1), provides in relevant part: "Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court *or by the board of parole,* the credit shall also be applied against such portion of the minimum period as exceeds one year." (Emphasis supplied.) The underlined words constitute what was added by the 1976

amendment. The amendment was made effective immediately, namely, on March 9, 1976. Its apparent purpose was to promote equitable treatment for all persons required to serve minimum sentences in excess of one year by providing that jail time should be credited regardless of whether the prisoner's minimum term was set by the court or the Board of Parole (see NY Legis Ann, 1976, p 30; Hechtman, 1976 Supplemental Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.30). Petitioner contends, *inter alia,* that this amendment should be applied retroactively and that his minimum sentence should be credited with 306 days of jail time, the period he spent in a local facility. In *People v Oliver* (1 NY2d 152) the defendant committed a crime in 1945 at which time he was 14. He was not brought to trial until 1955. An amendment to the Penal Law adopted in 1948 had the effect of preventing the State from prosecuting a child under 15 for any act which he may have committed. While the court held that the amendment should be applied retroactively and that the defendant should receive its benefit it also stated (p 163): "It may be well to note that the construction that we are here according to the amendment cannot be applied in favor of an offender tried and sentenced to imprisonment before its enactment. (See *People ex rel. Downie v. Jackson,* 286 App. Div. 1131, motion for leave to appeal denied today, April 26, 1956, 1 N Y 2d 642.) This inevitably follows from the settled rule that, once final judgment has been pronounced, a change in the law 'does not arrest or interfere with execution of the sentence.' *(Welch v Hudspeth,* 132 F. 2d 434, 436; see, also, *People ex rel. Guariglia v. Foster,* 275 App. Div. 893; *People ex rel. Paster v. Palmer,* 274 App. Div. 856; 1 Sutherland, *op. cit.,* § 2046, p. 529 and n. 2.)" In the instant case petitioner's sentence had been finally established before subdivision 3 of section 70.30 of the Penal Law was amended. We, therefore, follow the policy enunciated in *People v Oliver (supra),* that once final judgment is pronounced a change in the law does not interfere with execution of the sentence. Accordingly, petitioner is not entitled to retroactive application of the amendment to subdivision 3 of section 70.30 (see *Matter of Yearby v LeFevre,* 64 AD2d 764; *Matter of Boutelle v New York State Bd. of Parole,* 53 AD2d 397, app dsmd 41 NY2d 943). Hopkins, J. P., Damiani, Gulotta and Hawkins, JJ., concur.