OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
Petitioner, by CPLR article 78 proceeding, seeks a judgment requiring respondents to recompute his jail time to include a credit of 184 days against the minimum term of his sentence, contending that the provisions of chapter 648 of the Laws of 1979 amending subdivision 3 of section 70.30 of the Penal Law should be applied retroactively. Petitioner was sentenced on October 14, 1977, and received by the Department of Correctional Services on June 14, 1978, both dates prior to the effective date of the new legislation (Sept. 1, 1979). At the time of petitioner’s sentence, subdivision 3 of section 70.30 of the Penal Law provided that jail time credit was to be applied only to that portion of a minimum term of an indeterminate sentence that exceeded one year; as a result of the 1979 *283 amendment, the jail time credit now applies to all minimum terms, regardless of the length thereof.
Both parties concede that the only issue before the court is whether or not subdivision 3 of section 70.30 of the Penal Law as so amended is to be applied retroactively, petitioner claiming that given the remedial nature of the legislation and the statute so affected, namely, a penal statute, petitioner should have the benefit of retroactive application. Respondents oppose such construction, asserting that absent clear legislative intent to the contrary, retroactive construction is not permissible.
The legislation adopted by chapter 648 of the Laws of 1979 was not the first instance in which the Legislature has corrected what is deemed to be a deficiency in subdivision 3 of section 70.30 of the Penal Law as chapter 21 of the Laws of 1976 also was enacted to enlarge those circumstances under which jail time was to be credited against indeterminate sentences by applying such credit against minimum terms established by the Board of Parole. Previously such jail time was only applied against mínimums set by courts. The courts were confronted with a similar question of statutory construction as a result of the 1976 legislation, and appellate courts found that absent an express legislative intent to the contrary, such retroactive application was inappropriate (Matter of Yearby v LeFevre, 64 AD2d 764; Matter of Boutelle v New York State Bd. of Parole, 53 AD2d 397).
The legislation adopted in 1979 made no express provision for its retroactive application. As the legislation in each instance was remedial and in both instances there was an absence of language indicating retroactive application, the findings of the appellate courts as to the 1976 amendment are equally applicable to the 1979 legislation. Accordingly, the petition is dismissed.