OPINION OF THE COURT
Edward M. O’Gorman, J.
The petitioner, a juvenile, was sentenced as an adult pursuant to section 70.05 of the Penal Law to a term of from one to *616 three years’ imprisonment on May 19, 1979. He was committed to the New York State Division for Youth to be confined pursuant to the laws applicable to inmates confined in New York State correctional facilities.
The parole board fixed the date of May 16, 1980 as the date when petitioner would become eligible for parole release consideration. His conditional release date is January 1, 1981, and his maximum sentence ends on January 25, 1982.
After the date of petitioner’s sentence, subdivision 3 of section 70.30 of the Penal Law was amended to provide that in the case of an indeterminate sentence where a minimum period of imprisonment has been fixed by the court or by the board of parole, jail time credit shall be applied not only against the maximum period of the term but also against the minimum period. This amendment was, by its terms, effective September 1, 1979.
Petitioner now requests that he be credited with a period of 111 days which he spent in custody prior to the commencement of his sentence. The application is opposed by respondents on the ground that the amendment does not apply to petitioner because he was sentenced prior to its effective date.
The Attorney-General relies in principal part on the decision of the Appellate Division, Third Department, in Matter of Yearby v LeFevre (64 AD2d 764). In that case, the court held that a prior amendment of subdivision 3 of section 70.30 on March 9, 1976, which made jail time credit applicable to minimum sentences which were established by the parole board, should not be applied retroactively to a defendant who was sentenced prior to the effective date of that amendment, citing Matter of Boutelle v New York State Bd. of Parole (53 AD2d 397). The court went on to cite other cases in which claims by inmates in parole cases seeking retroactive application of legislation and court decisions on the grounds of due process were denied, citing People ex rel. Calloway v Skinner (33 NY2d 23), People ex rel. Maggio v Casscles (28 NY2d 415), and People ex rel. Williamson v Kuhlmann (49 AD2d 46). None of these cases present fact situations comparable to the instant case.
In People ex rel. Emanuel v Quinn (66 AD2d 905), not cited by respondent, the question presented was whether the amendment to subdivision 3 of section 70.30 should be applied to a minimum period of imprisonment fixed by the board of parole.
*617 The court held that the statute should not be so applied, citing People v Oliver (1 NY2d 152, 163), in which the statement appears, "a change in the law 'does not arrest or interfere with execution of the sentence’ ” once final judgment has been pronounced.
The issue in Yearby and the issue in Emanuel involve a modification of the sentence itself, whereas in this case the application of the amendment effects only the abandonment of a general legislative policy toward jail time credit which had heretofore been in place since the adoption of the Penal Code in 1909 (§§ 2183, 2189), to the effect that no matter what State prison sentence was imposed, the minimum could not be reduced to a point where it was less than one year.
If the section of the statute with which we are now concerned is made retroactive in the case of this petitioner, it will not affect in any way his trial, his conviction, or his sentence, or establish any new principle concerning the application of the jail time credit to a minimum sentence. It will only remove the former legislative barrier to such credit, which the Legislature itself has removed by the terms of the 1979 amendment to section 70.30. By that amendment, it was clearly the intention of the Legislature to remove the inequality existing between the indigent defendant and the defendant who had sufficient resources to post bail (Hechtman, 1976 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, 1979-1980 Pocket Part, Penal Law, § 70.30).
This is a remedial statute designed to correct this imbalance. Remedial statutes have been regarded as an exception to any general rule against retroactivity (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 54). In the case of petitioner, there remains only to be performed a mathematical recalculation of the days to be credited in rescheduling a hearing to determine petitioner’s eligibility for parole release, which hearing would have taken place after the effective date of the amendment, in any event, and will not affect his sentence. Such a limited retroactive application of this amendment will affect a limited number of persons and will not involve a substantial administrative burden on the parole authorities. It will further the clear legislative intent to eliminate, to the extent possible, the unequal treatment of prisoners serving identical sentences in State correctional facilities, where this unequal treatment is based upon financial status alone (see *618 Matter of Festus v Regan, 50 AD2d 1084, app dsmd 40 NY2d 1091).
Where, as in this case, a prisoner has served 111 days in jail awaiting trial because of his inability to post $500 as cash bail, it seems unnecessary to compound the injury by failing to correct the situation when this opportunity presents itself and all that is required is to recalculate the jail time credit and advance the date of the parole release hearing.
The court should not draw back from a re-examination of the bases for prior decisions in the search for distinctions and principles which will prevent injustice. This effort sometimes bears fruit, no matter how adverse the climate (see People v Collins, 47 Misc 2d 210; People v Saifore, 18 NY2d 101).
In view of the foregoing, the petition will be granted.